41 Vroom. Smith v. Jackson.

---

THOMAS SMITH, PLAINTIFF AND APPELLANT, v. JOHN JACKSON, DEFENDANT AND APPELLEE.

Argued June 8, 1903—Decided November 9, 1903.

The owner of premises who by invitation, express or implied, induces a person to come upon his premises, is under a duty to exercise ordinary care to render the premises reasonably safe for the purposes embraced in the invitation.

In tort.  On appeal from the First District Court of the city of Newark.

Before Justices VAN SYCKEL and FORT.

For the appellant, *Samuel Kalisch,*

For the appellee, *Samuel F. Bigelow.*

The opinion of the court was delivered by

FORT, J.  The defendant, who was the owner of a house and lot, offered to sell it to the plaintiff and requested him to go and look at it with the view of purchase.  He gave to the plaintiff the keys of the house that he might inspect it. The plaintiff, with his granddaughter, went to the premises and, while inspecting it, was passing from the cellar of the house by the stairs to the first floor.  The stairs fell with him and he was injured.  At the trial he proved these facts and his damages and rested.  On the defendant's motion the court nonsuited him.

In this we think there was error.  The plaintiff was not a trespasser upon the premises.  He was there by the express invitation of the defendant to do the thing in the doing of which he was injured.  Plaintiff was not guilty of negligence in going through the house, as he did.  He had a right to assume that the stairways were reasonably safe for passage and re-passage.

The falling of the stairs in ordinary use raised a *prima facie* presumption of lack of ordinary care on the part of the defendant.

The rule of law applicable to this case cannot be distinguished from that held to apply in *Phillips* v. *Library Co.,* 26 *Vroom* 307; *Spicer* v. *Boice,* 37 *Id.* 434.

The judgment of the District Court will be reversed and a new trial granted, with costs.