OSCAR KEELINE, Appellant, v. FRED SEALY et al.

Division One, March 3, 1914.

EXECUTION: Direction to Sheriff: Sale of Land. A transcript execution directing the sheriff that "of the goods and chattels" of defendant he cause to be made the debt, etc., is invalid to authorize a sale of land.

Appeal from Jackson Circuit Court.—*Hon. Edward E. Porterfield,* Judge.

AFFIRMED.

*Haff, Meservey, German & Michaels* and *Charles M. Blackmar* for appellant.

A sheriff has power to levy and sell real estate under an execution based on a transcript of a justice of the peace judgment, which through a clerical error recites only that he shall levy of the goods and chattels of the judgment debtor. R. S. 1909, secs. 7527-7528; Scharff v. McGaugh, 205 Mo. 355; Carter v. Exposition Co., 124 Mo. App. 535; Carpenter v. King, 42 Mo. 223; Ruby v. Railroad, 39 Mo. 480; Johnson v. Latta, 84 Mo. 139; Bobb v. Graham, 15 Mo. App. 298; Davis v. Cline, 76 Mo. 310; Draper v. Bryson, 17 Mo. 83; Stuart v. Severance, 43 Mo. 331; Evans v. Robberson, 92 Mo. 198; Waddell v. Williams, 50 Mo. 216; Sachse v. Clingingsmith, 97 Mo. 412; Perkins v. Quigley, 62 Mo. 498; Lenox v. Clark, 52 Mo. 115.

*George W. Day* and *Ulysses S. Weary* for respondents.

(1) A sheriff has no authority to sell anything to satisfy a judgment of the court until a valid execution is issued to him. Sec. 2173, R. S. 1909. (2) A sheriff's authority is measured by the writ he receives, and he is protected only when he follows its mandates. State to use v. Hailey, 71 Mo. App. 206; State to use v. Cave, 49 Mo. 130. (3) That the writ might or should have been of broader scope does not authorize the sheriff to do other than the writ commands. State to use v. Cave, 49 Mo. 130. (4) The writ in this case commanded the sheriff to satisfy the judgment out of the goods and chattels only of the judgment defendant, and this was the extent of his authority. (5) The omission of the words "real estate" from the execution is not merely a clerical error which may be disregarded. Marsh v. Nichols, 128 U. S. 605, 9 Sup. Ct. 171; Leonis v. Leffingwell, 126 Cal. 359; In re Stewart, 48 N. Y. Supp. 966, 24 App. Div. 213; Bobb

v. Graham, 15 Mo. App. 294; Draper v. Bryson, 17 Mo. 84; Stewart v. Severance, 43 Mo. 322; Davis v. Kline, 76 Mo. 310; Wilhite v. Wilhite, 53 Mo. 71; Lenox v. Clark, 52 Mo. 115. (6) The omission of the words "real estate" from a general execution is vital, and a sale of land thereunder is void. Sec. 2173, R. S. 1909; Gaskill v. Aldrich, 41 Ind. 338. (7) A purchaser at a sheriff's sale must look to the judgment, execution, levy and deed. Tanner v. Stine, 18 Mo. 580; Lenox v. Clark, 52 Mo. 115; Bobb v. Graham, 15 Mo. App. 298; Childers v. Schantz, 120 Mo. 313. (8) If the execution does not authorize the sale it is void and this may be shown in a collateral proceeding. Tanner v. Stine, 18 Mo. 580; Bobb v. Dillon, 20 Mo. App. 311; Evans v. Robberson, 92 Mo. 192; Sachse v. Clingingsmith, 97 Mo. 406; Perkins v. Quigley, 62 Mo. 498.

BROWN, C.—This is a suit in ejectment instituted in the circuit court of Jackson county, Missouri, against Fred Sealy and George H. Shawhan, his landlord, to recover portions of lots ten and eleven in amended plat of A. F. Denny's First Addition to Kansas City, Jackson county, Missouri.

Execution: Directions to Officers: Sale of Real Estate.

The common source of title is Margaret L. Johnston. On August 2, 1905, F. H. Evans obtained a judgment against her before B. Shoemaker, one of the justices of the peace in Kaw township, Jackson county, Missouri. An execution was issued by the justice and returned by the constable *nulla bona*.

Afterwards, on December 19, 1905, a transcript of said judgment was filed in the office of the clerk of the circuit court for Jackson county, at Kansas City. An execution was issued thereon the 5th day of February, 1906, and placed in the hands of the sheriff of Jackson county, returnable to the next April term. Under this execution, on February 5, 1906, the sheriff levied upon the property mentioned in plaintiff's

petition, and it was regularly sold upon the 21st day of March, 1906, to F. H. Evans, to whom a deed was made by the sheriff March 30, 1906. Plaintiff claims title through this deed, and its validity is the only point in issue here.

The execution, omitting attestation and signatures, is as follows:

"State of Missouri to the Sheriff of Jackson County,
        "Missouri, Greeting:

"Whereas, On the 19th day of December, A. D. 1905, there was filed in the office of the clerk of the circuit court of Jackson county, Missouri, at Kansas City, a transcript of a judgment by F. H. Evens, plaintiff, obtained against Margaret L. Johnston, defendant, before James B. Shoemaker, Esq., a justice of the peace within and for Kaw township, Jackson county, Missouri, on the 5th day of September, A. D. 1905, for the sum of two hundred eighteen and 75/100 dollars, which was adjudged as aforesaid, and also for costs; and whereas it has been duly made to appear that an execution was issued on said judgment directed to the constable of Kaw township in said county, and said constable has made return that the defendant had no goods or chattels whereof to levy the same.

"These Are Therefore to Command You, That of the goods, chattels of the said Margaret L. Johnston, defendant, you cause to be made the sum aforesaid adjudged to be due, together with interest thereon from the date of judgment, at the rate of 6 per cent per annum and costs, and that you have the same before the judge of our Jackson County Circuit Court, within and for Missouri, at the next April (1906) term thereof, to satisfy the judgment, interest and costs aforesaid, and that you certify how you execute this writ."

If the foregoing is a valid execution in the sense that it is sufficient to support the deed which de

pends upon it for its validity, the judgment cannot stand; otherwise it must be affirmed.

It is not denied that the execution fails to give express authority to sell the land. It even negatives such authority by suggesting the application of the time-honored maxim, "*expressio unius est exclusio alterius*," for it expressly directs that the judgment of the magistrate be made of the *goods and chattels* of the debtor, thus excluding the idea that it was intended to confer power to make it from the land. Although the circumstance has no bearing upon the merits of the controversy, but is rather one of those things that intrude themselves upon the notice of the curious, the peculiar form of this writ suggests the possibility that the words inclusive of real estate may have been stricken out or omitted from a printed form by a deputy who had not studied those utterances of this court to the effect that the statute was intended to and does confer upon the circuit courts the power, through their administrative organizations, to enforce the liens which it expressly creates, by this kind of process. Be this as it may, the execution consists of its direction to the officer. Without this, while the clothing may be complete the body to be clothed is lacking. The statute itself recognizes this in prescribing the form of the execution to be issued by the justice of the peace upon his own judgment as follows: "You are, therefore, commanded to levy the same of the *goods and chattels* of the said ——, according to law." [R. S. 1909, sec. 7544.] Also in the form prescribed for general execution upon the judgments of courts of general jurisdiction, which commands that the debt be levied of the goods and chattels and *real estate* of the judgment debtor. [R. S. 1909, sec. 2173.] Also in directing that in issuing execution against any person as heir or devisee, the officer "shall be commanded *only* that of the *goods* and *chattels* which were of the ancestor or testator at the time of his death, he cause

to be made the debt, damages and costs; and if sufficient goods and chattels cannot be found in his county, then that of the *real estate* which was of the ancestor or testator at the time of his death, he cause to be made," etc. [R. S. 1909, sec. 2174.] Every special execution issued in the enforcement of a lien and in attachment upon constructive service, contains its own peculiar direction to the officer as to the property upon which he shall levy it. We repeat, that without this direction there is no execution, and without an execution issued upon a subsisting judgment there is no power in the officer to take and sell property in any case in which an execution is required by the statutes. Although our statutes of jeofails and amendments provide for the correction, while the parties are in court, of many errors, imperfections, defects and variances into which we may blunder in the course of legal proceedings, without affecting the right and justice of the matter of the suit, there is no law that permits us to assume the existence of final process to support a sale of real estate which has already been made without it.

The judgment is therefore affirmed. *Blair, C.,* concurs.


PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur.