REBECCA SEROTA *vs.* MARCUS SALMANSOHN.

Suffolk.    March 10, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence,* Of one owning or controlling real estate, Invited person.

At the trial of an action of tort for personal injuries against the owner of a brick block, there was evidence that, in response to an inquiry by the plaintiff, the defendant stated that the "top flat" was for rent and sent a girl with the plaintiff to see it; that, after seeing the flat and expressing satisfaction with it, the plaintiff requested the girl to show "the cellar where to put the wood and coal;" that, in passing down a stairway to the cellar, the plaintiff's foot caught on a nail which might have been found to have rendered the stairs unsafe. *Held,* that

(1) Whether the defect caused by the nail should have been discovered and remedied by the defendant was for the jury;

(2) The plaintiff, while examining the common cellar, still was the defendant's invitee and not a mere licensee;

(3) It was proper to refuse to order a verdict for the defendant.

TORT.    Writ dated April 3, 1923.

In the Superior Court the action was tried before *Flynn,* J. Material evidence is described in the opinion. A motion that a verdict for the defendant be ordered was denied. There was a finding for the plaintiff in the sum of $500. The defendant alleged exceptions.

The case was submitted on briefs.

*J. J. O'Connor,* for the defendant.

*G. P. Beckford & C. Shulman,* for the plaintiff.

BRALEY, J.   This is an action of tort for personal injuries. At the close of the evidence the defendant moved for a directed verdict.   The motion was denied and, a verdict for the plaintiff having been returned, the case is here on the defendant's exceptions.   It was admitted that the premises, a brick block, were owned by the defendant and that the stairway where the accident happened was under his control.

The jury warrantably could find on evidence which was properly admitted, that the plaintiff saw the defendant on the first floor and asked him for a flat.   The defendant said, "I have a flat upstairs, the top flat," and she replied, "Can you show me the flat?"   The defendant thereupon sent a girl with whom the plaintiff went to the flat, and after expressing her satisfaction with it they went downstairs.   The plaintiff then said, "I want just to see the cellar, where to put the wood and coal.   Can't you show me?"   The girl said, "Yes", and opened the cellar door.   In passing down the stairs the plaintiff's foot was caught by a projecting nail in the middle of the second or third step, causing her to fall breaking her arm.   It could be found that the nail rendered the stairs unsafe, and whether the defendant knew or in the exercise of reasonable care ought to have known of this condition was a question of fact.   *Laplante* v. *Warren Cotton Mills*, 165 Mass. 487.   *Tobin* v. *Brimfield*, 182 Mass. 117.

But even if there was no error in the admission of evidence, the defendant contends, that the agency terminated when the flat had been inspected, and thereafter the plaintiff became a mere licensee.   The plaintiff, however, whose due care was for the jury, was there at the defendant's invitation, and under the circumstances the use of the common cellar for storage of wood and coal was connected with and appurtenant to the flat.   The duty therefore rested on him to keep the premises reasonably safe for those whom he invited to visit them as prospective tenants.   *Marston* v. *Reynolds*, 211 Mass. 590.   *Jacobsen* v. *Simons*, 217 Mass. 194; *S. C.* 222 Mass. 449.   *Urserleo* v. *Rosengard*, 248 Mass. 542.

*Exceptions overruled.*