Coös, }
Nov. 5, 1930. }

ANNIE PICKFORD, *Adm'x. v.* NATHAN ABRAMSON.

*Edmund Sullivan, F. Maurice LaForce* and *Crawford D. Hening* (*Mr. Sullivan* and *Mr. Hening* orally), for the plaintiff.

*Robert Rich* and *Ira W. Thayer* (*Mr. Rich* orally), for the defendant.

PEASLEE, C. J. The intestate, Leo Pickford, was killed by falling down a flight of unlighted basement stairs, in the night-time. The defendant is the owner of the premises, consisting of a block situated on the southerly side of Main street in Berlin. The upper stories are used as a hotel or lodging house, known as the "Commercial House." The entrance door to the stairway leading thereto and one leading downstairs to a basement are side by side. The door leading upstairs is set back from the street line thirty-six inches and that leading to the basement twenty-nine inches. The vestibules are separated by a partition, are on a common level, and are reached by a step set flush to the street line and running across the entire entrance. The doors are alike in design and construction. Over the upstairs entrance and ten or twelve feet above the sidewalk there was a transparent sign, projecting over a part of the sidewalk, and lettered "Commercial House" on either side.

The basement door was equipped with an ordinary bolt lock. There was evidence that it was always left unlocked, that the tenant of the hotel had to use it as an entrance to the basement where the heating apparatus was located; and that aside from this the defendant had full control of the basement and its entrance, and made more or less use of them. Before the accident to the plaintiff's decedent, several people had mistaken the basement entrance for that to the hotel and two or three of them had fallen down the basement stairs. There was evidence that the defendant knew of these occurrences, that the tenant of the hotel asked for a key so that the basement door might be kept locked and that the defendant promised to furnish one, but did not do so before the accident.

There was sufficient evidence of the defendant's fault. The situation created and maintained by him could well be found to constitute an invitation to enter a dangerous trap. What amounts to an invitation by a landowner to enter upon his premises received extended consideration in *Hobbs* v. *Company*, 75 N. H. 73, 80 *et seq.*, and the rule laid down in *Sweeny* v. *Railroad*, 10 Allen 368, was approved and followed. The substance of that rule is that if the landowner "directly or by implication induces persons to enter on and pass over his premises, he thereby assumes an obligation that they are in a safe condition, suitable for such use." *Ib.* 374. The implied "invitation imposed a duty to use due care to have the place safe as far as the [landowner] ought to have understood that the public would understand that the invitation extended." *Frear* v. *Company*, 83 N. H. 64, 68.

The proximity and similarity of the two doors was such that it could well be found that mistaking one for the other was something to be anticipated and guarded against. And when there is added to that the evidence of what experience had demonstrated, to the defendant's knowledge, there was abundant cause to find the defendant to be at fault in not locking the basement door, or taking other means to remedy the deceptive and dangerous situation.

Cases cited and relied upon by the defendant are not in point. They relate to the liability of a landlord to his tenant's invitees for defects in the leased premises. The doorway here in question was not leased. Such right as the lessee had there was only for passing to his heating plant. In all other respects the defendant had control thereof. The basis of recovery here is not that the tenant invited the decedent to use the door, but that the property owner in effect represented that this door was the one the tenant invited the public to use. The invitation was held out "by the party sought to be charged." *Elliott* v. *Pray*, 10 Allen, 378, 384. The invitation was to exercise a right, "in the enjoyment of which one may expect to be protected. The liability in such a case should be coextensive with the inducement or implied invitation." *Plummer* v. *Dill*, 156 Mass. 426, 430.

It is also claimed that there was conclusive proof of the decedent's contributory negligence. The place where he entered was unlighted, and the first drop of the stairs was but fifteen inches beyond the threshold of the door. There is no evidence of what he did after he closed the door behind him. It was late at night, and he might well think that the lights had been turned off and start to grope his way toward the ascending stairs which he believed were before him. It

cannot be said as matter of law that such conduct would be negligent. *Gordon* v. *Cummings*, 152 Mass. 513; *Faxon* v. *Butler*, 206 Mass. 500. It is of no avail here that there is no proof of what the decedent did. It is enough to take the case to the jury on this issue that careful conduct is not conclusively disproved.   P. L., c. 328, s. 13; *Olsen* v. *Railroad*, 82 N. H. 120.

Exception was taken to a refusal to charge concerning the respective duties of the landlord and tenant as to lighting the hotel entrance, and also to a denial of a request to charge that "There is no duty or obligation on the part of the owner of a building to keep hallways lighted."

The jury were instructed that a recovery must be based upon improper conditions as to the basement entrance.   No reference was made to the condition of the hotel entrance as a ground for liability; and the jury were told that the defendant had no responsibility beyond that part of the premises over which he had control.   The first request is fairly covered by the charge.

The other request is manifestly unsound.   The rule therein stated has certain application in the law of landlord and tenant (*Hawes* v. *Chase, ante,* 170), but this plaintiff does not seek to recover as a tenant or through a tenant's right.   The invitation here was that of the landowner and not of the tenant.   The decedent's right to enter the tenant's premises is merely a circumstance which afforded to the defendant an opportunity to hold out and make effective a deceptive invitation to enter a place which was not a part of the leased premises. The fact that the premises which the decedent purposed to enter had been leased by the defendant is not essential to the existence of liability.   Any state of facts which showed that the defendant was maintaining on his premises a dangerous trap so constructed and located that he should have understood that any person would understand that it constituted an invitation to him to enter, in the exercise of any legal right, would be sufficient to warrant a finding of violated legal duty.

The defendant is not held liable because he owned both doorways, but because he owned and controlled the basement doorway in such relation to the hotel entrance that it could be found that he ought to have known that the public would think they were invited to use his entrance in the belief that it was that to the hotel.   It may be true that the circumstance of the defendant's participation in the creation of the underlying invitation to use the hotel entrance should be considered upon the question of the reasonableness of his also maintain-

450

ing the basement entrance as he did; but it is not determinative on the issue of his fault.

Duties are imposed by circumstances. *Garland* v. *Railroad,* 76 N. H. 556. Expectable lawful conduct must be taken into account. *Duteny* v. *Company, ante,* 65, 67. The owner of property on a business street cannot negligently disregard the customary actions of the public in the use of entrances leading therefrom. In such a situation, it may be the duty of the landowner to light a dark and dangerous place.

There were also various exceptions to the admission and exclusion of evidence and to the argument of plaintiff's counsel to the jury. None of these has been briefed or argued by the defendant, but counsel stated that they are not waived. An examination of them shows no error.

*Exceptions overruled.*

All concurred.