MARY A. FLANIGAN, PLAINTIFF-APPELLEE, v. MADISON PLAZA GRILL,· INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Submitted October 6, 1942—Decided February 2, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-appellee, *McNamara & McNamara (James V. McNamara,* of counsel).

For the defendant-appellant, *Charles C. Stalter.*

BROGAN, CHIEF JUSTICE. The defendant appeals from a judgment recovered by the plaintiff for personal injuries on the sole ground that the court should have directed a verdict against the plaintiff. Plaintiff, an invitee, entered the defendant's restaurant between nine and ten o'clock at night. Her two companions took seats in a dining room booth while the plaintiff repaired to the lavatory. A sign in the restaurant read "Rest Rooms and Telephone;" an arrow pointed the way to a corridor which the plaintiff entered. This corridor, about eight feet in length, had a door at the end of it on which there was a sign reading "Men." On the corridor's left side, about midway between the entrance and the door just mentioned, was another door on which was a sign reading "Private." This doorway led to a cellar. The room reserved as a lavatory for ladies was reached by going to the end of the corridor and turning to the left. It could not be seen by one entering the corridor from the dining room. The plaintiff was not familiar with the establishment—it had been opened only four days previously. The door marked "Private" was open slightly—"on a crack" is the way plaintiff described it—a light showed through this small opening, whereupon plaintiff opened this door and fell down the cellar steps.

A motion for directed verdict was refused and appellant says this was error because the evidence showed that plaintiff exceeded the invitation and that she was guilty of contributory negligence. We do not agree with this contention. The location and construction of these rooms off the corridor, which was dimly lit, were such that it was not an unreasonable assumption on the part of the plaintiff entering the premises for the first time that the door which she entered was intended for ladies in view of the circumstance that she did not observe the sign "Private" on this door when she opened it. If, as she mistakenly thought, she was entering the lavatory set apart for ladies, can it be assumed that she should expect to find a staircase there? She had no duty to make a constant observation or to proceed with more than reasonable care. Whether she used such care was a question of fact.

As to the matter of invitation, on the facts and circum-

stances we think she did not exceed its ordinary limitation. The plaintiff's mistake was quite understandable considering the physical lay-out of the premises. *McDonough et al.* v. *F. W. Woolworth Co.*, 91 *N. J. L.* 677; 103 *Atl. Rep.* 75; *Gibeson* v. *Skidmore*, 99 *N. J. L.* 131; 122 *Atl. Rep.* 747. Compare *Smigielski* v. *Nowak*, 124 *N. J. L.* 235, 238.

As to the second point: Contributory negligence does not automatically arise because the accident might have been avoided. It depends on the circumstances and it usually is a fact question for the jury. *Rizzolo* v. *Public Service Co-ordinated Transport*, 111 *N. J. L.* 107; *Smith* v. *Adler's Millinery, Inc.*, 122 *Id.* 236; *Hansen* v. *Brown*, 123 *Id.* 223. It is otherwise only when such negligence appears as a necessary inference or when it is so clear that fair-minded men could not disagree about it. But there was no such clear negligence on the part of the plaintiff here. She came to grief, as the jury in all likelihood concluded, from a peril she neither anticipated nor had any reason to anticipate.

The judgment is affirmed, with costs.