158 P.2d 124

**BOYCE v. BREWINGTON.**
No. 4840.

Supreme Court of New Mexico.
April 7, 1945.

Rehearing Denied May 12, 1945.

Rodey, Dickason & Sloan and Frank M. Mims, all of Albuquerque, for appellant.

Dailey & Rogers and Jethro S. Vaught, Jr., all of Albuquerque, for appellee.

BICKLEY, Justice.

This action was instituted by plaintiff (appellee) to recover damages for personal injuries to her, alleged to have resulted from the actionable negligence of defendant (appellant). The defendant denies that the injuries to plaintiff were caused by, or resulted from, her negligence, and asserts that plaintiff's own negligence proximately contributed to, and caused her injury. From a judgment following a jury verdict for plaintiff the defendant has prosecuted this appeal.

The questions are, (1) whether there is substantial evidence to support the charge of actionable negligence; and, (2) if so, whether the plaintiff by her own negligence contributed to her injury.

The facts are substantially as follows:

The defendant, the owner of certain residence property in the city of Albuquerque, listed it for sale with a real estate broker. The plaintiff, desiring to purchase a house, contacted a representative of the broker, who took her and her three daughters to inspect this property with the purpose of selling it to her. They entered the house at the rear through a french door that opened into a breakfast room, or service porch, 8 x 8 feet. In addition to the french entry door, there were four doors opening from this room; one opened into the kitchen, another into a bedroom, a third from a pantry and the fourth covered the entrance to a basement stairway. The kitchen, bedroom and basement doors opened outward from the breakfast room.

The floor level of the breakfast room did not extend beyond the door of the basement stairs. There was no landing inside the door but immediately inside was a drop of 9 inches to the first step of the stairway. The risers of the basement steps (eight in all) were 9 inches high and the treads 8½ inches wide. There was a wall part way down the stairs on one side; on the other there was no protection against falling. The basement and stairway were not well lighted. The five doors in the breakfast room were all finished alike in color. There was nothing on the basement door to indicate danger, or that it was a basement door.

While in the breakfast room a daughter of plaintiff opened the basement door and saw that it covered a basement stairway. The agent closed it, remarking that it was dangerous. Plaintiff did not see this, or hear the conversation; but she had been informed there was a basement under the house.

The party passed through one of the doors into the kitchen, then through the dining room into the living room. The plaintiff, a few minutes later, left the others in the living room, to look for a bedroom. She returned to the breakfast room, opened the basement door (which was not fastened or locked), and thinking she was entering the bedroom for which she was

looking, stepped into space, fell down the basement stairs to the floor and was severely injured.

That the plaintiff was a business invitee is assumed. We assume also that the invitation extended to an inspection of the entire house, including the basement; and it did not require her to inspect only such portions as might be shown by the agent. It included the right to independently inspect all or any part of the premises. Whether plaintiff had the right to ignore the guide and dispense with information thus made available, it is not necessary to decide.

The rule is that the owner of a building who invites another to inspect it with a view of selling the property to the invitee, is charged with the duty of using ordinary care in having the premises in a reasonably safe condition for inspection; and if there are concealed dangers unknown to the invitee, but known to the owner, or which by the use of ordinary care he should have known, the duty extends to giving the invitee notice thereof.

We fail to perceive evidence establishing actionable negligence of the defendant, but since our conclusion rests more particularly upon another ground we deem it unnecessary to discuss the weakness of the plaintiff's case in regard to alleged negligence of the defendant.

The evidence is uncontradicted that the plaintiff when inspecting the property found the door to the cellar or basement closed. The door opened inward and we find the plaintiff standing at the entrance of a cellar door; no lights, bar or barrier are about the flight of steps; the natural light is inadequate; she is inspecting the house with a view of buying it; the darkness confronting her when opening the door to the cellar or basement was sufficient notice to warn her of dangers she was unable to see. The failure of the plaintiff to exercise ordinary care for her own safety when opening a closed door and taking a step forward into an unlighted stairway, thereby contributing to her own injury, as a matter of law will preclude a recovery on her part under the evidence in this case, and it was error for the trial court to refuse to direct a verdict in favor of defendant.

In Dominguez v. Southwestern Greyhound Lines, 49 N.M. 13, 155 P.2d 138, we held upon evidence at least as favorable to plaintiff as in the case at bar that the trial court should have sustained defendant's motion for an instructed verdict.

For the reasons stated, the judgment is reversed and the cause remanded, with direction to set aside the judgment heretofore rendered and entered, and to enter judgment for appellant. And, it is so ordered.

MABRY, C. J., and LUJAN, J., concur.

BRICE and SADLER. JJ., dissent.

BRICE, Justice (dissenting).

That the plaintiff was a business invitee is unquestioned. Obviously the invitation

extended to an inspection of the entire house, including the basement; and it did not require her to inspect only such portions as might be shown by the agent. It included the right to independently inspect all or any part of the premises.

The rule is that the owner of a building who invites another to inspect it with a view of selling the property to the invitee, is charged with the duty of using ordinary care in having the premises in a reasonably safe condition for inspection; and if there are concealed dangers unknown to the inviteee, but known to the owner, or which by the use of ordinary care he should have known, the duty extends to giving the invitee notice thereof. Serota v. Salmansohn, 256 Mass. 224, 152 N.E. 242, 46 A.L.R. 517; Smith v. Jackson, 70 N.J.L. 183, 56 A. 118; Rudolph v. Elder, 105 Colo. 105, 95 P.2d 827; Flanigan v. Madison Plaza Grill, 129 N.J.L. 419, 30 A. 2d 38; Knapp v. Conn. Theatrical Corp., 122 Conn. 413, 190 A. 291; Pickford v. Abramson, 84 N.H. 446, 152 A. 317; Montgomery v. Allis-Chalmers Mfg. Co., Tex. Civ.App., 164 S.W. 556; Silvestro v. Walz, 222 Ind. 163, 51 N.E.2d 629; Marston v. Reynolds, 211 Mass. 590, 98 N.E. 601; 38 A. J. "Negligence" Sec. 96 et seq.; Cooley on Torts, 4th Ed., Sec. 440; II Restatement of Law of Torts, Sec. 343.

Whether there was a concealed danger to one opening the basement door, that should have been disclosed to plaintiff, under the circumstances was a question for the jury, who probably inferred that if she had been informed of the danger which was pointed out to her daughter, the accident would not have occurred.

The more difficult question is whether as a matter of law the plaintiff was guilty of contributory negligence in returning alone to the breakfast room with the knowledge that there was a basement under the house, opening a door and stepping into a dark opening with which she was unfamiliar, in the belief that she was entering a bedroom. Unless we are prepared to say that all reasonable persons would conclude that she was not exercising ordinary care in opening the door and stepping "into space" (as stated by her) thinking she was entering a bedroom, the question of whether she was contributorily negligent was one for the jury. Some courts in similar cases hold it to be a question for the jury (Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L.R.A.1018F, 137; Palmer v. Boston Penny Sav. Bank, 301 Mass. 540, 17 N.E.2d 899, 120 A.L.R. 633; Skidd v. Quattrochi, 304 Mass. 438, 23 N.E.2d 1009; Pope v. Willow Garages, 274 Mass. 440, 174 N.E. 727; Flanigan v. Madison Plaza Grill, supra; Pickford v. Abramson, supra; Montgomery v. Allis-Chalmers Mfg. Co., supra; Burke v. Piper's Super Service Stations, 312 Ill. App. 656, 38 N.E.2d 785; Serota v. Salmansohn, supra; Marston v. Reynolds, supra) while others hold that under the facts of particular cases the invitee was negligent as a matter of law. (Tutwiler v. I. Beverally Nalle, Inc., 152 Fla. 479, 12

So.2d 163; Plahn v. Masonic Hall Bldg. Ass'n, 206 Minn. 232, 288 N.W. 575; McNaughton v. Illinois Cent. R. Co., 136 Iowa 177, 113 N.W. 844; Medcraft v. Merchants' Exchange, 211 Cal. 404, 295 P. 822). Tutwiler v. I. Beverally Nalle, Inc., supra, is a very similar case.

Unless all reasonable persons would say that plaintiff was contributorily negligent, the question was one for the jury. Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540. The jury might have reasoned that plaintiff was invited to inspect the house; that there was a concealed danger behind the basement door of which she should have been apprised so that she would not mistake the basement door for another; or so that she could use more caution if she desired to inspect the basement; that the failure of defendant to apprise her of the danger was the sole and proximate cause of her injury. Our decisions in Seal et al. v. Safeway Stores, 48 N.M. 200, 147 P.2d 359, and Dominguez v. Southwestern Greyhound Lines, 49 N.M. 13, 155 P.2d 138, are based upon entirely different facts, and are in no sense precedents here.

Although the question is not without its difficulties, I am not able to say as a matter of law that plaintiff's own negligence contributed to her injury.

The judgment of the district court should be affirmed.

SADLER, J., concurs.