JOSEPH TERRANELLA, ADMINISTRATOR AD PROSEQUEN-DUM OF THE ESTATE OF RICHARD TERRANELLA, DECEASED, PLAINTIFF-APPELLANT, v. UNION BUILD-ING AND CONSTRUCTION CO., A CORPORATION, AND THE CITY OF PASSAIC, A MUNICIPAL CORPORATION, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.

Argued November 21, 1949—Decided January 9, 1950.

444

*Mr. Dominick F. Pachella* argued the cause for appellant (*Messrs. Pachella & Chary,* attorneys).

*Mr. John W. Hand* argued the cause for respondent Union Building and Construction Co. (*Messrs. Evans, Hand & Evans,* attorneys).

*Mr. Oscar R. Wilensky* argued the cause for the respondent City of Passaic.

The opinion of the court was delivered by

WACHENFELD, J. Appellant's eleven-year-old son was fatally injured while playing in a public playground in the

City of Passaic. The City had entered into a contract with the respondent Union Building and Construction Co. for the installation of a storm sewer crossing the playground. About a week prior to the accident the construction company had placed on the playground fourteen concrete pipes each four feet long, five feet in diameter and weighing 5,180 pounds. The pipes were not tied or secured and no watchman was placed over them.

During the week children in the playground had been playing with the pipes and rolling them around upon the ground. On the afternoon of the accident about eight boys between the ages of nine and twelve were rolling the pipes. The decedent fell between two pipes and sustained the fatal. injuries. His father brought this action as administrator *ad prosequendum* against the two respondents and the Passaic Board of Education.

At the conclusion of the hearing, the trial court directed a verdict for all three defendants. It appeared from the proof adduced at the trial that the Board of Education did not own or control the land on which the pipes were placed and was not a party to the contract for the building of the storm sewer. Verdict was directed for the City on the ground that the construction company was an independent contractor whose negligence, if any, could not be imputed to the municipality. The court directed a verdict for the construction company on the ground that the pipes were not inherently dangerous and no peril would have been created if the children had not caused them to roll. The judgments in favor of the City and the construction company were appealed to the Appellate Division and the case was certified here on our own motion. Appeal from the judgment in favor of the Board of Education has been voluntarily discontinued.

██ The record shows the Union Building and Construction Co. was an independent contractor and its employees engaged in building the storm sewer were not under the control or supervision of the City except in the broadest and most general sense. Where the work to be done is not *per se* a nuisance and injury results from the negligence of an inde-

pendent contractor or his servants in the execution of it, the contractor alone is liable unless the owner is in default in employing an unskillful or improper person as the contractor. *Sarno v. Gulf Refining Co.*, 99 *N. J. L.* 340 (*Sup. Ct.* 1924); affirmed, 102 *N. J. L.* 223 (*E. & A.* 1925); *Healy v. Sayre*, 113 *N. J. L.* 308 (*E. & A.* 1934). The appellant argues that the method of construction of the sewer resulted in the creation and maintenance of a nuisance but there is nothing in the record to support this contention, nor is it suggested the contractor lacked the requisite skill or qualifications for the work undertaken.

The verdict in favor of the respondent City of Passaic was proper. We come to this conclusion independently of the immunity we think is granted to the municipality under *R. S.* 40:9–2 which provides:

"No municipality or county shall be liable for injury to the person from the use of any public grounds, buildings or structures, any law to the contrary notwithstanding."

See *Falcone v. Bd. of Education, Newark*, 17 *N. J. Misc.* 75 (*Ct. Com. Pleas* 1939).

The trial court predicated its direction of a verdict in favor of the construction company entirely upon the case of *Friedman v. Snare & Triest Co.*, 71 *N. J. L.* 605 (*E. & A.* 1905). There, however, the decision rested upon certain facts materially at variance with the facts in this case. The court found the girders which injured the plaintiff's child were stored on private property subject to a public easement for use as a sidewalk. The evidence showed the child was injured not while exercising the right of the easement for passage but in the course of playing about or resting upon the piled girders. This, the court found, exceeded the invitation implied in the easement and placed the child in the status of a licensee or trespasser. In this connection, the court said:

"And further, an individual member of the public, if specially damnified by the nuisance while in the exercise of his rights in the street, may maintain a private action. But this refers only to parties injured while using the street as a street, and not to those whose

injuries arise from their attempted use of the obstructing materials for their own purposes, whether of pleasure, convenience or profit. For the building materials themselves. do not in any sense become public property by being allowed to remain in the street. And neither a traveler, nor an idler, nor even a playful child, can gain rights against the landowner, or against his agent who stands in his rights, by using such building materials as a resting place or playground. In the absence of circumstances denoting invitation, one thus using the private property of another for his own purposes may be either a licensee or a mere trespasser, depending upon circumstances."

In the case presently before us we are concerned with the death of a child who, together with a group of other children, was using a restricted area specifically designated as a place for play. Their occupation and use of the premises was in the natural course of events and was or should have been anticipated and expected. The land was dedicated and posted as a playground, expressing an invitation to the children of the neighborhood to use it for that purpose.

Those making use of the grounds and equipment there provided were invitees acting within the precise scope and intent of the invitation. As such they were owed the duty of reasonable care. An owner of premises who by invitation, express or implied, induces a person to come upon the premises is under a duty to exercise ordinary care to render the premises safe for the purposes embraced in the invitation. *Phillips v. Library Co.*, 55 *N. J. L.* 307 (*E. & A.* 1893); *Nolan v. Bridgeton & Millville Traction Co.*, 74 *N. J. L.* 559 (*E. & A.* 1907); *Sefler v. Vanderbeek & Sons*, 88 *N. J. L.* 636 (*E. & A.* 1916). This duty rests also upon an independent contractor employed by the owner of the lands. *Connick v. John F. Craig, Inc.*, 107 *N. J. L.* 375 (*E. & A.* 1931).

True, the pipes stored in the playground were not intended to be part of the facilities provided for play, but this does not, in the exercise of reasonable care, impose upon the immature children who are the ordinary users of the playground the duty of discriminating between the equipment which is intended for their use and enjoyment and that which, in an area devoted to their pleasure, is placed within their easy reach and access but is intended for other purposes. No

sign, guard or warning was given or provided to assist them in differentiating between what was installed for their play and amusement and what was to be avoided under penalty of such dire consequences as here resulted.

■ To determine what constitutes reasonable care in any situation requires the consideration of all the surrounding facts and circumstances.

"* * * the rationale of the rule of due care is the reasonable exercise of 'the foresight for harm'." *Beck v. Hines*, 95 *N. J. L.* 158 (*E. & A.* 1920).

In *Niles v. Phillips Express Co.*, 118 *N. J. L.* 455 (*E. & A.* 1937), the court said:

"There was laid upon him the common law obligation to conform to the standard of conduct of a reasonable man so circumstanced. It is of the very nature of the term 'reasonable care' that it has a relative significance. It does not lend itself to a practical definition that will absolutely label the conduct under scrutiny in the individual case. Considered in the abstract, it is lacking in definitive quality. The common law concept of negligence has relation to the facts and concommitant circumstances."

■ Where, as here, the obligation exists primarily in relation to groups of young children, that in itself is one of the concomitant circumstances to be weighed.

"No doubt, where a duty exists to take care with respect to the safety of children of tender years, their very age must be taken into account, so that what might be reasonable care with respect to the safety of adults, who are capable, to some extent, of looking out for themselves, might not be reasonable care with respect to children." *Friedman v. Snare & Triest Co., supra.*

A very similar situation occurred in *Gottesman v. Cleveland*, 142 *Ohio State* 410, 52 *N. E.* 2d 644 (*Sup. Ct.* 1944), where the court said:

"This is not a case of attractive nuisance existing upon private property. The conduit pipes were in a park dedicated to the public and, so far as the duty of the defendant was concerned, the children playing there were in the position of all persons who visited the park for their advantage or pleasure. The unblocked pipes being attractive

to the children and lacking anchorage became a dangerous plaything upon public property. Under these circumstances the issue of nuisance was properly submitted to the jury."

██ Despite the size and weight of the pipes, they could be rolled about by children with relative ease and therefore became potentially dangerous instruments when left unguarded and unsecured in a public playground to be subjected to whatever treatment or use the minds and energies of curious and naturally mischievous youngsters could devise. Under these circumstances, whether the construction company exercised reasonable care was a question that should have been submitted to the jury for its determination.

The judgment is affirmed as to the respondent City of Passaic, but as to the respondent Union Building and Construction Co., it is reversed and a new trial ordered.

*For affirmance as to City of Passaic*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFLED, BURLING and ACKERSON—7.

*For reversal as to Union Bldg. & Const. Co.*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.