ELIZABETH PASTOR BACAK, PLAINTIFF-RESPONDENT, v. JOSEPH HOGYA, DEFENDANT-APPELLANT.

Argued March 13, 1950—Decided May 8, 1950.

*Mr. John C. Stockel* argued the cause for the appellant.

*Mr. Arthur J. Sills* argued the cause for the respondent (*Mr. David T. Wilentz,* attorney).

The opinion of the court was delivered by

ACKERSON, J. This is an appeal from a judgment of the Middlesex County Court in favor of the plaintiff upon the return of a jury verdict for $3,500. The appeal was taken to the Appellate Division of the Superior Court and while pending there it was certified here on our own motion.

The action was brought to recover damages for injuries suffered by plaintiff by reason of a fall alleged to have been caused by the negligence of the defendant, an independent contractor, in the removal of cellar stairs. The plaintiff lived with her mother, Mary Pastor, in the mother's home, a two-family frame house in Woodbridge. They occupied the first floor apartment and a married sister lived on the second floor. The State Highway Department needed the land and arrangements were made for the removal of the house to another location some distance away.

A day before the house mover was to come to actually move the structure, the owner, Mrs. Pastor, entered into an agreement with the defendant contractor, Joseph Hogya, to prepare the house for removal. The contract provided, *inter alia,* that the defendant remove certain stairs leading from a spare room on the first floor of the premises to the cellar and for their replacement when the house was set on the new location. There is no dispute as to the terms of the contract which was not put into evidence because this litigation is concerned

only with the stipulation for the removal of the cellar stair-way. The only parties to the contract were the defendant and Mrs. Pastor, the owner of the house.

On the same day this contract was made, defendant re-moved the cellar stairs. The plaintiff's mother, knowing the work was in progress, locked the door leading from the first floor to the cellar and left for Perth Amboy taking the key with her, although usually the key was left in the lock. When she returned home the stairs had been removed.

The plaintiff returned home from work about 5:30 or 6 o'clock that evening. She noticed that the windows had been taken out and that the building was being readied for its removal the next day. Plaintiff then entered the first floor apartment and not finding her mother there went to the sister's apartment on the second floor where she found the mother resting on a couch. Thereafter plaintiff went back to the first floor apartment and attempted to go down into the cellar where the kitchen was located. Finding the door locked, she opened it with her own key. As plaintiff stepped forward in the doorway to reach the electric light switch, she fell to the cellar floor because the stairway had been removed.

The trial court denied defendant's motions for dismissal and the case was submitted to the jury which returned a verdict in favor of the plaintiff.

Several grounds for reversal of the judgment below are urged by the defendant.

The main question involved is whether the defendant owed any duty to the plaintiff as a matter of law. The contention advanced, which underlies much of the reasoning in the de-fendant's brief, is that the plaintiff cannot sue on a duty aris-ing out of a contract to which she was a stranger. It is argued that in order for a legal duty to spring from a contract there must be existent some privity between the plaintiff and the party charged with its violation. Defendant cites a line of case notably *Marvin Safe Co. v. Ward*, 46 *N. J. L.* 19 (*Sup. Ct.* 1884), and *Styles v. Long Co.*, 70 *Id.* 301 (*E. & A.* 1903), in support of this proposition.

■ These cases announce the settled rule that a person not a party to a contract, nor in privity thereto, cannot sue in respect to a breach of a duty arising out of the contract. *Miller v. Davis and Averill, Inc.*, 137 *N. J. L.* 671 (*E. & A.* 1948).

However, the distinguishing feature in the instant case is that the plaintiff's right of action is not predicated upon the defendant's violation of any contractual obligation but is based upon the tortious conduct of the defendant contractor in the performance of his work. This distinction is fundamental, otherwise a person injured by reason of the negligence of an independent contractor could have no redress for his injury unless he was a party to the contract between the contractor and the person for whom the work was being done, no matter how great the contractor's negligence might be. The liability of the defendant arises independently of contract and is founded upon the general duty of an independent contractor to exercise due care in regard to persons lawfully upon the premises.

In *Marvin Safe Co. v. Ward, supra,* at *p. 25,* it was said:

"There is a class of cases in which a person performing service or doing work under a contract may be held in damages for injuries to third persons, occasioned by negligence or misconduct connected with the execution of the contract; but these are cases where the duty or liability arises independent of the contract."

■ ■ This fundamental concept has found widespread acceptance and application in the courts of this State. Thus it has been uniformly held that an independent contractor is liable to a third person injured as a result of the negligence of the independent contractor or his servants in the performance of his work for the contractee in an action based in tort, although such third person could not base his action upon the contract to which he was not a party. *Terranella v. Union Bldg. and Construction Co.,* 3 *N. J.* 443, 447 (1950) ; *Sarno v. Gulf Refining Co.,* 99 *N. J. L.* 340 (*Sup. Ct.* 1923) ; affirmed, 102 *Id.* 223 (*E. & A.* 1925) ; *Schutte v. United*

*Electric Co.,* 68 *Id.* 435 *(Sup. Ct.* 1902); *Redstrake v. Swayze,* 52 *Id.* 129 *(Sup. Ct.* 1889); affirmed, *Ibid.* 414 *(E. & A.* 1890); 27 *Am. Jur. (Independent Contractors),* § 52, *p.* 530. An independent contractor hired by an owner of lands to do work thereon is under a legal duty to exercise ordinary care to render the premises safe for persons lawfully on the premises by the owner's express or implied invitation. *Terranella v. Union Bldg. and Construction Co., supra.*

The rule finds its best expression in *Connick v. John F. Craig, Inc.,* 107 *N. J. L.* 375, 376 *(E. & A.* 1930), where it is said:

"The law is settled that where work of this kind is done by a contractor exercising an independent employment under a contract made with the owner of the property and using his own servants in the carrying on of the work, he is liable to a third person who is lawfully upon the premises as a tenant, for injuries resulting from the negligence of his servants in the performance of the work required by the contract."

The cause of action stated in the present complaint, as already noted, is grounded in negligence and the case was tried on the theory of negligence on the part of the defendant in the performance of his work by leaving the premises in a dangerous condition. The only relevancy of the contract according to the theory on which the case was tried, was to show that the defendant had been engaged to remove the cellar stairway. By the terms of the agreement, the defendant was to take the stairs out and replace them in the same house and position in the lew location. Therefore, the duty of care was a continuing one under the circumstances present herein.

The claim made here is that the defendant performed his job in a faulty manner in not nailing or boarding the cellar door after the stairway leading therefrom to the cellar had been taken away. The evidence in the case discloses that the standard practice was for the defendant to have nailed or boarded the door. The defendant contends that he wanted to nail the door but that the owner, plaintiff's mother, refused to allow the door to be nailed from the room side and that

there was no way to nail the door from the cellar side after the steps had been removed.

The testimony of the defendant shows he knew that the right thing to do, according to the standard practice, was to have placed a board across the door. On cross-examination he stated: "Well, I was going to nail it," and "Well, yes, that would be the right thing, if they would have let me do it." He also admitted that in moving buildings the accepted procedure is to put a brace across anything hanging, like stairs that are taken away. Mrs. Pastor testified that upon her return from Perth Amboy that day she told the defendant to nail the door from the cellar side, not on the apartment side (because she didn't want the trim to be damaged) and that he agreed to it. She further said that when she retired to the apartment occupied by the daughter on the second floor, she thought that the defendant had nailed the door in the agreed manner.

Significantly no reason is offered by the defendant to explain his failure to nail the door from the cellar side before removing the stairs. Even after the steps had been removed the defendant said that he could have managed to get a ladder and secure the door from that side.

The defendant argues that it was not foreseeable that the plaintiff would have a spare key in her possession to open the locked cellar door. Whether the behavior of the plaintiff was an unnatural or unlikely consequence of the plaintiff's wrongful act was a matter upon which reasonable men might differ. Hence it was correctly submitted to the jury. It is not necessary that the tort-feasor anticipate the very occurrence which resulted from his wrongdoing, it is sufficient that the resulting injury was the natural and probable consequence thereof and it was within the realm of foreseeability that some harm might occur to the plaintiff. *Newark R. R. Co. v. McCann,* 58 *N. J. L.* 642, 644 (*E. & A.* 1896); *Daniel v. Gielty Trucking Co.,* 116 *Id.* 172, 176 (*E. & A.* 1935); *Terranella v. Union Bldg. and Construction Co., supra.* The question of proximate cause is ordinarily one

for the jury. *Brower v. N. Y. C. & H. R. R. R. Co.,* 91 *Id.* 190, 191 (*E. & A.* 1917).

The defendant argues, however, that any default on his part in the performance of his work cannot be the proximate cause of the injury complained of because of the existence of an intervening duty of care owing to the plaintiff by the owner of the premises to keep the cellar stairway in a reasonably safe condition. The point made, in short, is that the breach of said intervening duty was the proximate cause of the plaintiff's fall and that any negligent act imputable to the defendant was at most only a remote cause of the injuries sustained as a result of the fall.

In this respect, reliance is placed upon the case of *Fitz Randolph v. Karno Smith, Inc.,* 15 *N. J. Misc.* 261 (*Sup. Ct.* 1936), for the proposition that where there is a duty of care intervening between the wrongdoing of the independent contractor and the subsequent injury, no cause of action can arise against the independent contractor. In the cited case, the plaintiff sued the contractor for injuries suffered from a fall on steps erected by the contractor leading from a crypt to the street. Apparently the defendant therein had not been negligent in the construction of the steps but had followed the plans and specifications furnished by the owner. No negligence therefore was charged against the contractor in the performance of his work and the case was tried on the theory that he had constructed a nuisance.

We find that the *Fitz Randolph case* is clearly distinguishable and not controlling upon the facts in the instant case. Here the primary duty rested upon the defendant contractor and the complaint is grounded upon the tortious conduct of the defendant in removing the stairway. The general rule is that where an injury results from the negligence of the independent contractor or his servants in the execution of his contract, he alone is liable unless the owner is in default in employing an unskilled or improper person as the contractor, or if the work to be done is in itself a nuisance; *Terranella v. Union Bldg. and Construction Co., supra; Sarno*

*v. Gulf Refining Co., supra.* Neither of these exceptions is charged in the case *sub judice.* In *Filz Randolph v. Karno Smith, Inc., supra,* and *Styles v. Long Co., supra,* the factual situations were such that the primary duty of care rested upon the owner, not the contractor. But under the factual situation presently before us, the contractor alone was responsible for misconduct in the performance of his work.

■ An examination of the record convinces us that there was sufficient evidence warranting the submission of the issue of defendant's negligence to the jury. This likewise applies with respect to the question of proximate cause. We think that a jury might properly find that the defendant's dereliction in his failure to conform to the usual procedure of boarding the cellar door was the natural and probable consequence of the plaintiff's injury.

The defendant also contends that the plaintiff was guilty of contributory negligence as a matter of law and assumed the risk of her injuries by exposure to the danger incident to the removal of a house.

■ Under the factual circumstances surrounding the plaintiff's fall, the issue of contributory negligence was strictly a matter to be determined by the jury. The evidence shows that the key sometimes fell out of the lock and on to the floor. The plaintiff testified that she looked on the floor for the key but not seeing it there, she then opened the cellar door with her own key. She also said that after opening the door she had to step forward in order to reach the switch so as to put on the light. How much light shone past the opened cellar door from the spare room is not shown by defendant. Nor can it be said as a matter of law that plaintiff should have known that the cellar stairs had been removed in the course of preparing the house for removal or that defendant would not have conformed to the general practice of boarding the cellar door.

■ The question of contributory negligence is ordinarily for the jury. To justify a dismissal by the court on such ground as a matter of law, the contributory negligence

of the plaintiff must appear clearly and conclusively as a fact or as the necessary and exclusive inference that would be drawn by all reasonable men in the exercise of a fair and impartial judgment. *Spence v. Maier,* 137 *N. J. L.* 284 (*Sup. Ct.* 1948); affirmed, 1 *N. J.* 36 (*Sup. Ct.* 1948); *Ackerley v. Pennsylvania R. R. Co.,* 130 *N. J. L.* 292 (*E. & A.* 1943); 38 *Am. Jur.* (*Negligence*), § 348, *pp.* 1052-1055. In this posture of the evidence, the rule is that where it is reasonably debatable as to whether or not the plaintiff exercised a degree of care commensurate with the risk of harm, the issue of contributory negligence is one for the triers of fact. *Hickman v. Dutch Treat Restaurant, Inc.,* 3 *N. J.* 460, 464 (1950); *cf. Flanigan v. Madison Plaza Grill, Inc.,* 129 *N. J. L.* 419, 421; affirmed, 130 *Id.* 532 (*E. & A.* 1943); *Hansen v. Brown,* 123 *Id.* 223 (*E. & A.* 1939). Whether in these circumstances the plaintiff assumed the risk of the injury was also a jury question. *Toohey v. Webster,* 97 *N. J. L.* 545 (*E. & A.* 1922); *Picariello v. Linares & Rescigno Bank,* 127 *Id.* 63 (*Sup. Ct.* 1941); affirmed, *Ibid.* 565 (*E. & A.* 1941); 38 *Am. Jur.* (*Negligence*), § 349, *p.* 1055.

The next point raised by defendant's brief is that the trial court erroneously charged that the defendant owed a duty to the plaintiff. In view of the fact that this action is predicated in tort and not upon a duty arising *ex contractu* as has already been discussed, we find this contention without merit.

Lastly, objection is made by the defendant to certain excerpts from the trial court's charge with respect to the nature and extent of the defendant's legal duty under the attendant circumstances. It suffices to say, however, that we have examined the points thus made, and when these excerpts are read with the charge as a whole, we find no prejudicial error therein.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.