EMMA HUSSEY AND NORMAN HUSSEY, HER HUSBAND, PLAINTIFFS-APPELLEES, v. GIANT TIGER CORPORATION, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 29, 1937—Decided January 26, 1938.

For the appellees, *Crawford Jamieson* (*Sidney Stark,* of counsel).

For the appellant, *Alexander Budson* and *Herman H. Levy* (*Sol Phillips Perlman,* of counsel).

The opinion of the court was delivered by

RAFFERTY, J. Appellant, defendant below, on November 4th, 1935, conducted a large indoor market in the city of Trenton for the retail sale of merchandise. The business of the market was operated largely on what is known as the self-service plan. The customer would make personal selection of articles sought to be purchased from counters on which the same were displayed, placing them in a basket furnished by appellant and carrying the basket and articles to an exit point, where an employe of appellant packed and priced the articles and payment was thereupon made by the customer. The several counters upon which the merchandise was displayed were separated by aisles running in either direction. These aisles were for the use of customers to walk about the market in making their selections. They were used also by appellant for the conveyance on small trucks of quantities of merchandise to be used for replacement in the respective counters as these became empty. Paper cartons containing varieties of canned goods were unloaded from the trucks in front of the respective counters and were there stacked preparatory to being placed in bins located in the interior of each counter and as the stock of canned goods on the various counters would be depleted, employes of the market would replenish the counter from these cartons.

On the day specified, Mrs. Hussey had entered the market and make several selections of merchandise and at the moment of the accident complained of was standing before a counter containing cans of plum pudding, holding one of these cans in her hand and reading the recipe printed on the label.

A stack of paper cartons, estimated as being more than five feet in height and approximately two feet square, containing canned goods, was piled on the floor to the left of Mrs. Hussey, and while reading, as above stated, two of the cartons, each being too heavy for a woman companion to lift, fell from the stack and struck Mrs. Hussey on her left leg and foot, causing the injuries complained of. As she was going to her home, Mrs. Hussey complained of pain in the affected region and was thereafter given medical treatment. The

complaint contains counts for the personal injuries to Mrs. Hussey, and for the incidental damage claimed to have been sustained by her husband because of these injuries. Upon the trial of the matter the jury returned a verdict in favor of both plaintiffs, from which this appeal is taken.

The several grounds of appeal are summarized by appellant in six points dealing with the insufficiency of plaintiffs' proofs; the refusal of the trial court to nonsuit or direct a verdict; alleged errors of the trial court with respect to the testimony of a medical witness; in excluding certain evidence offered by defendant; in denying defendant's motion for mistrial; in refusing to charge certain requests of defendant and in the charge of the court.

A careful examination of the testimony brings us to the conclusion that the grounds of appeal urged for reversal are without merit and that the action of the trial court throughout was correct.

Mrs. Hussey was the invitee of appellant and as such it was appellant's duty, not only to exercise ordinary care to render the premises reasonably safe for the purposes for which the invitee entered, but to abstain from any act which may make the invitee's use of the premises dangerous. *Finnegan* v. *The Goerke Co.*, 106 *N. J. L.* 59.

At the close of plaintiffs' case the proofs were ample to support the conclusion that a *prima facie* case had been made out and at the conclusion of the entire case a jury question existed indisputably. In this posture the trial court had no alternative but to deny the motions for nonsuit and direction of verdict.

The judicial ruling at the close of plaintiffs' case, based upon the introduction by defendant, during plaintiffs' case, of a bill of particulars need not here be considered. The offer by defendant was voluntary and within discretion of its counsel and no exception to the ruling of the court, either at the time of the offer nor at the conclusion of plaintiffs' case, was made.

We are satisfied that the errors assigned relating to rulings on evidence, denials of motions for mistrial and refusal to

charge requests, are without substance. The court correctly charged the jury on the several phases of the law of the case and appropriately admonished the jury as to the items deemed to be prejudicial to defendant.

There being no error, judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 14.

*For reversal*—None.