315 P.2d 524

Horace CALDWELL and Grace Caldwell, Appellants,

v.

Thomas A. JOHNSEN, d/b/a J. C. Johnsen & Son, Appellee.

No. 6214.

Supreme Court of New Mexico.

Sept. 11, 1957.

Harry L. Bigbee, Donnan Stephenson, Matias A. Zamora, Santa Fe, for appellants.

H. E. Blattman, Las Vegas, for appellee.

LUJAN, Chief Justice.

This was an action in the district court of San Miguel County, instituted by plaintiffs-appellants against the defendant-appellee. Grace Caldwell seeks to recover damages for personal injuries alleged to have been suffered by her because of the alleged negligence of the defendant. Horace Caldwell seeks to recover damages because of loss of services, consideration, companionship, aid and society of his wife, and for medical and hospital expenses occasioned by injuries sustained by her when she fell at the entrance to defendant's store. The negligence of the defendant is alleged as follows;

"3. That on the 15th day of June, 1955, and for some time prior thereto, Defendant negligently maintained the flooring of a vestibule leading from the sidewalk to the main entrance of his place of business at a higher level than the adjacent sidewalk, in immediate proximity with a window display.

"4. That the Defendant maintained the said display window for the purpose of attracting the attention of persons entering and leaving as well as persons passing by, and therefore knew or should have known that the aforesaid window display would divert the attention of such persons entering and leaving from the raised flooring leading to the entrance of Defendant's store.

"5. That on the aforesaid date, the Plaintiff Grace Caldwell, upon walking out of Defendant's place of business, was, as wilfully intended by the Defendant and in total disregard for her safety and of others similarly situated, attracted by a certain display in the window which attraction diverted her attention from the abrupt raise of the flooring of the vestibule negligently maintained in conjunction therewith as aforesaid, rendering her oblivious of her danger, as a result of which she stepped on the edge of the raised flooring and fell, proximately causing the injuries and damages hereinafter alleged."

By his answer, the defendant, denied the material allegations of negligence and alleged "that the negligence of the plaintiff, Grace Caldwell, heretofore alleged and her negligent acts, and omissions to act, directly contributed to and were a proximate cause of the damages complained of".

At the close of plaintiffs case, on motion made by defendant, the trial court directed a verdict in favor of defendant, a judgment was entered thereupon and plaintiffs appeal.

■ Ordinarily a question of negligence is one for the jury, but where, upon the undisputed testimony no facts or circumstances are shown which, in the minds of reasonable men, can be said to constitute a cause of action, based on negligence, it becomes a question of law to be determined by the court, when the sufficiency of such evidence is properly challenged. Seal v. Safeway Stores, 48 N.M. 200, 147 P.2d 359; Dominguez v. Southwestern Greyhound Lines, 49 N.M. 13, 155 P.2d 138; Boyce v. Brewington, 49 N.M. 107, 158 P.2d 124, 163 A.L.R. 583.

The record discloses that the defendant had continuously, since 1906, operated a furniture and hardware store on Douglas Avenue and Seventh Street in the City of Las Vegas; that the entrance into the store is by way of a wide vestibule which has been in existence since 1914; that said vestibule ramps down to a stone step about four or five inches above the sidewalk; that next to the sidewalk it is ten or twelve feet in width and angles towards the doors to the store where it is seven feet in width; that on the east and west sides of the vestibule there are two display windows which are maintained for the purpose of displaying merchandise; and that no one upon entering or leaving the store had ever fallen in the vestibule or on account of the step prior to June 15, 1955 when the plaintiff, Grace Caldwell, fell and injured herself.

■ Mrs. Caldwell was a customer of defendant's store and had been a regular visitor there for some ten years prior to the injury. Customers, including Mrs. Caldwell, entered from the sidewalk from

which one step, five inches high, led upward onto a vestibule and then to the doors of the store. Persons entering defendant's store were charged with knowledge that they were not entering from a level sidewalk, and that the vestibule was not of the same elevation as the sidewalk.

■ She testified that on June 15, 1955, at about 10:00 o'clock in the forenoon she visited the defendant's store for the purpose of having some keys made, and that on her way out she fell and injured herself. Using her own language she stated:

On direct examination:

"Q. * * * Were you living in Las Vegas on June the 15th, 1955? A. Yes.

"Q. Did you have an accident on that date? A. I didn't hear you.

"Q. Did you—were you hurt on June 15th, 1955? A. Yes, yes.

"Q. * * *. Where were you hurt, Mrs. Johnsen, Mrs. Caldwell, excuse me. A. The left hip was fractured.

"Q. But where was it that you were hurt? A. Where was I hurt?

"Q. Yes. A. In my—

"Q. Excuse me, the location in Las Vegas? A. Oh, coming out of Johnsen's store.

* * * * * *

"Q. About what time of day did you go into the store? A. About 10:00 o'clock in the morning.

"Q. And what was your purpose of going into the store? A. To have some keys made, on business.

"Q. And after being in there on your business did you then proceed to leave the store? A. Yes. As soon as I attended to the business I had.

"Q. Mrs. Caldwell, I now want you to say in your own words just what happened as you were leaving the store? A. I came out of the store through the door and looked at the display window.

"Q. What was there in the display window that attracted your attention? A. It was kitchen furniture.

* * * * * *

"Q. Now you say you were walking through this vestibule looking at this stove, then what happened? A. I suddenly fell.

"Q. Where was it that you fell? A. Unto the street, below a step.

"Q. A street or sidewalk? A. Sidewalk.

"Q. At the step at the end of the vestibule, where did you or where you fell? A. Yes, yes.

* * * * * *

"Q. Just what were you doing at the time that you fell? A. I was looking at the window.

"Q. And then you fell at the step? A. Yes."

On cross-examination she testified:

"Q. Mrs. Caldwell, you have known the J. C. Johnsen Store, Hardware Store for many years, haven't you? A. Yes, I have.

"Q. You have carried a charge account there for many years, haven't you? A. I have had.

"Q. About how many years have you been trading at that store? A. Maybe a period of ten years.

"Q. And about how often would you go into that store? A. About how many times a year?

"Q. Oh, yes. A. Maybe four or five times.

\* \* \* \* \* \*

"Q. \* \* \*. You would go in there quite often to make small purchases? A. I think so, yes.

"Q. And some of those times you would go in there and charge it to your account, wouldn't you? A. Yes.

\* \* \* \* \* \*

"Q. Which door did you use to go into this place of business? A. The door next to the right hand side going into the store.

"Q. And which door did you use to come out? A. Well I don't remember except the one that I went in.

"Q. And you say that your business transactions at that store have run for a period of about ten years? A. Well I have always gone in there. I have gone in there for many things since I moved to Las Vegas.

"Q. And that was since 1940? A. Yes.

"Q. And every time you went in that store and came out you used the same vestibule? A. Yes, the same vestibule.

"Q. You had seen that vestibule any number of times? A. Yes, sir.

"Q. Mrs. Caldwell, you knew that raised step was there, didn't you? A. Yes.

"Q. You had seen it since the first time you went in that store, hadn't you? A. Yes.

"Q. Now how far from the corners of the windows on the west side of that vestibule were you walking when you came out of that store on the 15th day of June 1955? About a foot or two? A. I judge it was about two feet.

\* \* \* \* \* \*

"Q. When you came out of that store on the 15th day of June 1955, you looked at the stove in the window and stepped on the edge of that step? Do you understand the question? A. I think I do, yes.

"Q. Alright? A. You said I was looking at the exhibit window, you have to be about two foot when you open that door to come out, then you have to be that far away to see what was in the window, then I suddenly fell.

"Q. You fell because you stepped on the very edge of that step, didn't you? Or do you remember? If you don't remember say so. A. I must have stepped—

"Q. You just remember that you fell? A. Looking at the exhibit I must have stepped suddenly off the step, if that is the interpretation of it, with a crash.

"Q. In other words you just missed a step? A. I don't know how to answer you.

"Q. Well, do you know how you happened to fall? A. I have told you how. I told you that there was a sudden drop to the sidewalk and I realized I dropped to the sidewalk."

Viewing this testimony in the light most favorable to the plaintiff we must conclude that it constitutes no cause of action against the defendant. There are no facts and circumstances which would justify a finding of actionable negligence.

Counsel for the plaintiffs calls our attention to the cases of Bloomer v. Snellenburg, 1908, 221 Pa. 25, 69 A. 1124, 21 L.R.A.,N.S., 464, and Hendricken v. Meadows, 1891, 154 Mass. 599, 28 N.E. 1054 which he claims support his contention on the inferences to be drawn. An examination of these cases, however, indicates that both of them had more evidence and established facts from which proper inferences could be drawn of plaintiff's allegation of negligence against the defendant. In the instant case, there is a failure of proof of certain elements as above shown. The plaintiffs are entitled, of course, to have inferences drawn in their favor, but they must be reasonably based on other facts established in evidence and not based merely on conjecture or on other inferences. De Baca v. Kahn, 49 N.M. 225, 161 P.2d 630.

Under the facts and circumstances in the case at bar we are forced to the conclusion that plaintiffs failed to make out a submissible case of the liability of the defendant, and defendant's motion for a directed verdict was properly sustained.

The judgment must be affirmed.

It is so ordered.

SADLER, McGHEE, COMPTON and KIKER JJ., concur.