**SAFEWAY STORES, Incorporated,**
**Appellant,**

v.

**Evelyn LEAKE, Appellee.**

No. 2205.

Municipal Court of Appeals for the
District of Columbia.

Argued July 7, 1958.

Decided Jan. 2, 1959.

William T. Clague, Washington, D. C.,
for appellant.

Leo N. McGuire, Washington, D. C., with
whom Joseph D. Bulman, Washington,
D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

A jury awarded plaintiff damages for
personal injuries caused by the fall of some
canned goods in defendant's market. Bring-
ing this appeal, defendant assigns as error
the denial of its motion for directed verdict
and its motion in the alternative for judg-
ment notwithstanding the verdict or new
trial.

Plaintiff's evidence established
that she went to defendant's self-service
store one morning for the purpose of buying
groceries. After selecting several items,
she decided to purchase a box of facial
tissues stored on a top shelf beyond her
reach. Not seeing any clerks available to
assist her, she attempted to serve herself
by stepping up on the edge of the bottom bin
of the shelving. The bin or lower shelf
was approximately eight inches above floor
level and extended into the aisle several
inches beyond the shelves above it. Stand-
ing with her left foot on the bin, supporting
herself with her left hand on one of the
upper shelves, and while reaching for the
tissues on the top shelf with her right hand,
several cans fell (apparently from a point
midway between the top and bottom
shelves) striking her on the right ankle
and causing her to fall. She testified that
she did not knock down any of the cans
that struck her and that on previous occa-
sions in the past she had reached for and
obtained similar facial tissues from the
same location in the same manner, without
mishap, as had other patrons of the store.
No evidence was offered by the defendant.

Plaintiff's action was based on the doctrine of *res ipsa loquitur* and the defendant's negligence in failing (1) to provide its invitees with a "reacher" or device to remove merchandise from high shelves; and (2) to properly stack the canned goods. Over plaintiff's objection, the court denied an instruction on *res ipsa loquitur* and submitted the case to the jury on specific negligence. In deciding the correctness of the rulings on defendant's motions, we need only determine therefore in this review whether there was sufficient evidence of either or both of these charges from which the jury might reasonably have inferred negligence. The evidence and all inferences deducible therefrom must of course be viewed in the light most favorable to the plaintiff. Knight v. Sontag, D.C.Mun.App., 99 A.2d 217.

Considering plaintiff's first charge, the jury might reasonably have imputed negligence to the defendant for its failure to provide a "reacher." She testified that she had theretofore on several occasions complained to the manager and clerks in this store as to the difficulty of reaching items on the higher shelves and had suggested that they should provide some type of "reacher" to assist patrons in securing such articles. In a self-service store, where goods are displayed beyond the reach of a person of ordinary height, and no means are provided for reaching such goods, the store owner is bound to anticipate that a customer may attempt to reach the goods by stepping on a lower shelf or projection and that such action may cause articles to fall from one of the shelves. Under the circumstances here shown we think the jury could have reasonably inferred that the fall of the cans from the intermediate shelf was caused either by the vibration resulting from the customer's attempt to climb up and reach the upper shelf or by the customer's brushing against the cans as she reached up, and that the cans would not have fallen had they been properly stacked.

Affirmed.