364 P.2d 352

Martha V. GONZALES, Plaintiff-Appellant,

v.

SHOPRITE FOODS, INC., a corporation,
Defendant-Appellee.

No. 6843.

Supreme Court of New Mexico.

Aug. 23, 1961.

Bigbee & Stephenson, Charles D. Olmsted, Santa Fe, for appellant.

Gilbert, White & Gilbert, Santa Fe, for appellee.

COMPTON, Chief Justice.

This action was commenced in the District Court of Santa Fe County to recover damages for permanent bodily injuries, pain and agony, medical expenses and loss of wages which the complaint alleged to have been suffered by plaintiff as the result of the alleged negligence of defendant in stacking and maintaining for display and offer of sale boxes of dry starch and bottles of liquid starch upon the shelves of defendant's self-service supermarket located on Cerrillos Road in Santa Fe. Defendant's answer (1) denied liability, and alleged (2) plaintiff's negligence was a proximate and contributing cause of said accident, and (3) that the accident complained of was unavoidable.

At the close of plaintiff's evidence, defendant moved for a directed verdict, which was denied. This motion was renewed, with additional grounds, after both sides rested, and was sustained, whereupon the jury on direction of the court found the issues in favor of defendant, judgment was so entered, and plaintiff appealed.

The record disclosed that on Saturday, February 7, 1959, while appellant was shopping in appellee's supermarket she reached to the uppermost shelf of a gondola consisting of four shelves, gradually tapering inward from bottom to top, a distance of five to five and one-half feet from the floor, grasped with her right hand the top of a small box of Faultless dry starch standing in line with similar boxes which were stacked in two layers, each box directly on top of another. As appellant started to draw the box down toward herself, several adjacent boxes of starch in the stack started falling toward her, whereupon she raised her left hand and arm, which were free, to hold the falling boxes back, but failed to stop the fall of one box which, in falling, struck a quart-sized bottle of liquid starch standing on the outside edge of the third shelf down from the top, dislodged said bottle causing it to fall from

the shelf, strike appellant's foot where it broke and caused the injuries complained of.

■ The sole point relied upon by appellant on appeal is that the court erred in granting the appellee's motion for a directed verdict against the appellant at the close of all the evidence upon the ground and for the reason that the appellant had failed to establish a prima facie case against the appellee.

Appellant urges that "the evidence affirmatively showed actual negligence on the part of the appellee in the manner in which the boxes were stacked and the position of the injuring bottle of starch with respect thereto, and that, at the very least, the unquestioned circumstances of appellant's injury were such that the case should have gone to the jury under an instruction that it was permitted to infer that the proximate cause of the injury to appellant was negligent conduct on the part of the appellee, its agents or employees."

■ Viewing the evidence in this case in its most favorable aspect to support the plaintiff, as this court has consistently held must be done in determining the correctness of a directed verdict for the defendant, Sandoval v. Brown, 66 N.M. 235, 346 P.2d 551; Ferguson v. Hale, 66 N.M. 190, 344 P.2d 703; Addison v. Tessier, 62 N.M. 120, 305 P.2d 1067; Lindsey v. Cranfill, 61 N.M. 228, 297 P.2d 1055, the evidence is uncontradicted that the appellant had shopped at least weekly at appellee's store for several years; that she had previously purchased starch from the same location in said store and the displays of starch looked no different to her on the Saturday afternoon of the accident in question than at any previous time; that there was nothing abnormal or unusual about the manner in which the boxes and bottles of starch had been stacked or displayed at the time of the accident from the manner in which it had been done for a number of years, and was at this time customarily done, and that neither the manager of appellee's market, nor any other employee, had actual knowledge of any abnormal or unusual arrangement of the merchandise; that the manager and assistant manager constantly inspected the aisles and shelves in the market throughout the day; that there were times when properly stacked merchandise fell because mishandled by customers, and on a few occasions merchandise fell because it was improperly stacked; that no part of appellant's body touched the shelf or the merchandise prior to the collapse of the stack, except her right hand which grasped the top of the box she intended to purchase and, thereafter, her left hand as she attempted to hold back the adjacent falling boxes.

The question then which we must answer, is whether by proof of the foregoing facts, appellant made out a prima facie case of negligence against appellee which should have been submitted to the jury. We think not.

The appellant is urging upon this court the contention, not that the boxes and bottles in question were improperly stacked either by appellee, its employees or other customers, from the usual procedure used in stacking and displaying in appellee's store, but that because several boxes of starch fell when one was grasped by her, the proof of the manner in which they were customarily stacked gave rise to a rebuttable inference of negligence in the customary manner of stacking and display which should have gone to the jury. This contention is without merit. We find no evidence in this case from which an inference could be drawn that the actual manner in which the display and stacking of the starch was done was negligent, other than the theory advanced by appellant that if the display and stacking had not been negligent the adjacent boxes would not have fallen when appellant attempted to remove one box from the stack.

■ While ordinarily a question of negligence is one for the jury, where, upon the undisputed testimony, no facts or circumstances are shown which, in the minds of reasonable men, can be said to constitute a cause of action, based on negligence, it becomes a question of law to be determined by the court, when the sufficiency of such evidence is properly challenged. Sandoval v. Brown, supra; Caldwell v. Johnsen, 63 N.M. 179, 315 P.2d 524; Seal v. Safeway Stores, Inc., 48 N.M. 200, 147 P.2d 359; Dominguez v. Southwestern Greyhound Lines, Inc., 49 N.M. 13, 155 P.2d 138; and Boyce v. Brewington, 49 N.M. 107, 158 P.2d 124, 163 A.L.R. 583. Is it possible that upon the undisputed testimony here that, as far as anyone knew, including appellant and appellee, all was in the usual order on this Saturday afternoon—no disarrangement, no unusual arrangement or stacking, and no reason to believe anything was awry from its customary condition— that the minds of reasonable men could infer negligence on the appellee's part because appellant reached for a small box of starch and started in motion a force which ultimately resulted in injury to her? We do not think so.

■■ Plaintiffs are entitled to have inferences drawn in their favor but such inferences must be reasonably based on other facts established in evidence and not based merely on conjecture or other inferences. Kitts v. Shoprite Foods, Inc., 64 N.M. 24, 323 P.2d 282. An inference is not a supposition or conjecture, but a

logical deduction from facts proved, and guesswork is no substitute therefor. Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640.

With respect to the relationship of proprietor and business invitee, over which there is no disagreement in this case, the general principle as to a proprietor's liability to an invitee was laid down by this court in De Baca v. Kahn, 49 N.M. 225, 161 P.2d 630, and followed in Barrans v. Hogan, 62 N.M. 79, 304 P.2d 880, 61 A.L. R.2d 1, and in Kitts v. Shoprite Foods, Inc., supra, as follows [64 N.M. 24, 323 P.2d 284.]:

"This Court has taken the position that the proprietor of a place of business to which any and all members of the public are invited is not a guarantor of the safety of those who enter such place of business. It is the established holding in this court that, in order to render the proprietor of a place of business liable in damages to another for injuries sustained in that place of business, he must be guilty of negligence; and that such negligence must consist of the maintenance of a dangerous condition in or about the place of business and of knowledge on the part of the proprietor of the existence of the dangerous condition, or there must be evidence giving rise to inferences which charge the proprietor with knowledge."

This court is unable to find any evidence which could be said to give rise to an inference that the usual and customary manner used here to display and stack merchandise created a dangerous condition of which appellee had knowledge or should have had knowledge.

Appellant maintains that the cases cited supporting the principle of a proprietor's liability to an invitee are all cases involving situations where the injured person fell on a slippery floor. Even so, the principle is equally applicable here. While the precise factual situation involved here has not come before this court, we have said that what constitutes due care of an inviter is always to be determined by the circumstances and conditions surrounding the transaction under consideration. De Baca v. Kahn, supra. And, as pointed out by appellee, in each of the so-called "slip and fall" cases, the plaintiff was a business invitee, the conditions maintained on defendant's premises were in question and, as in the case before us, the force precipitating the ultimate injury was put in motion by the plaintiff. It should also be pointed out here that this court has held that a business invitee has a corresponding duty to use ordinary care in using the facilities of the inviter. Dominguez v. Southwestern Greyhound Lines, Inc., supra, and Seal v. Safeway Stores, Inc., supra.

A careful examination of the cases cited by appellant dealing with the fall of merchandise from shelves where they were displayed and stacked fails to reveal a fact situation in point with this case. Hussey et al. v. Giant Tiger Corp., 119 N.J.L. 519, 197 A.2d 50, involved the fall of cartons which had been stacked five feet high in the aisle of defendant's store and which plaintiff in no manner had touched. In Safeway Stores, Inc. v. Leake, D.C.Mun. App., 147 A.2d 439, and Kroger Grocery & Baking Company et al. v. Stevenson, Ky., 244 S.W.2d 732, the question was whether the individual articles involved were properly or securely stacked and not, as in this case, whether the usual and customary manner of stacking, known to appellant who had shopped in appellee's store for three years, was improper in and of itself and created a dangerous condition. In the case of Baily et ux. v. American Stores, Inc., 71 Pa.Dist. & Co.R. 613, where plaintiff took a can of peas off of the top of a stack and in so doing two cans of peas immediately below, and separated by cardboard, fell injuring her, the decision for plaintiff hinged on the fact that she gave evidence of her careful condition in removing the one can of peas and there was a total lack of any exculpatory evidence on the part of the defendant. That is not true in the case before us, where appellee gave evidence of the customary manner in which its stacking was done over a period of years and of the constant inspection thereof that was made many times daily.

It was urged on oral argument that appellant was entitled to rely on the doctrine of res ipsa loquitur and her brief cited the case of Tuso v. Markey, 61 N.M. 77, 294 P.2d 1102, wherein a customer in defendant's cafeteria was injured when the chair in which she was sitting collapsed. The plaintiff alleged generally the unsafe condition of the chair and that the accident would not have happened if the defendant had used due care since the chair was in the sole and exclusive control of the management. This court in finding the lower court erred in refusing a tendered instruction on the doctrine of res ipsa loquitur stated that "Such general allegations of negligence, accompanied by an allegation and proof that the instrumentality causing the accident was under the exclusive control of appellees, warranted its application. * * *" We do not see how this case is analogous to the one before us or on what grounds the doctrine of res ipsa loquitur is applicable. We do not consider it necessary here to go into the question of what must be present or absent in order to invoke this doctrine. In the case before us, where we are dealing with the display and arrangement of merchandise being of-

fered to the public for sale on the shelves of a self-service supermarket serving between 900 and 1,000 people on a normal Saturday, as shown from the evidence in this case, all with equal access to the merchandise, the merchandise can hardly be said to be within the sole and exclusive control of the appellee. The lack of sole and exclusive control, alone, in this case, would defeat the application of the doctrine of res ipsa loquitur.

From the evidence in this case, an explanation of what happened would be pure conjecture. It could have been lack of ordinary care on the part of appellant in the amount of force she used in grasping the box of starch or it could have been an unavoidable accident. In the absence of evidence of specific acts of negligence on the part of appellee, or evidence from which negligence could be reasonably inferred, we must find no error in the ruling of the court below in sustaining the appellee's motion on the ground that appellant failed to make out a prima facie case of negligence against appellee as a matter of law.

The judgment should be affirmed, and it is so ordered.

CHAVEZ and NOBLE, JJ., concur.

CARMODY and MOISE, JJ., not participating.