417 P.2d 38

Leone RISELING, Plaintiff-Appellant,

v.

POTASH MINES TRANSPORTATION COMPANY, a corporation, Defendant-Appellee.

No. 7816.

Supreme Court of New Mexico.

July 18, 1966.

Lon P. Watkins, Carlsbad, for appellant.

Neal & Matkins, Carlsbad, for appellee.

## OPINION

CHAVEZ, Justice.

Plaintiff-appellant appeals from the trial court's order withdrawing the case from the jury and dismissing the case with prejudice, on the grounds that appellant failed to establish a prima facie case of negligence on the part of appellee, and that appellant was guilty of contributory negligence as a mat-

ter of law. The trial court's order was, in effect, a directed verdict.

In her complaint, appellant alleged that she was a fare-paying passenger on a bus operated by appellee; and that she was injured as a direct result of the negligent manipulation of the exit door of the bus by appellee's agent-driver.

Appellant was the only witness who testified as to the occurrence. She stated that the bus was stopped when she arose from her seat and that, as she was alighting from appellee's bus, the driver failed to fully open the door, causing appellant to strike the door with a box which she was carrying; and that the collision caused serious injury to her arm.

 The parties agree that, when this court reviews a case, it will view the evidence in an aspect most favorable to the plaintiff appealing from a judgment on a directed verdict for the defendant. Gonzales v. Shoprite Foods, Inc., 69 N.M. 95, 364 P.2d 352, and cases cited therein. We are, however, mindful that when there is a general denial of negligence by the defendant, the burden of proving the same rests upon the plaintiff. Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214.

 There is no evidence of any acts or omissions on the part of appellee, other than the questioned operation of the bus door, and appellant makes no claim that the doctrine of res ipsa loquitur should be invoked. Therefore, appellant is limited to the fact

that the proof and inferences must substantially support a finding that appellee's agent-driver negligently operated the door of the bus.

 It is clear from the testimony that there was no direct proof of negligent operation of the bus door. Nevertheless, appellant argues that the fact that appellant struck the door for the first time in eleven years of bus travel raises an inference of negligence on the part of appellee's agent-driver. It is true that negligence may be shown by circumstantial evidence, subject to the important qualification that the circumstances must be such as to take the case out of the realm of conjecture and within the field of legitimate inference from established facts; then a prima facie case is made. Lopez v. Townsend, 42 N.M. 601, 82 P.2d 921.

 In Caldwell v. Johnsen, 63 N.M. 179, 315 P.2d 524, plaintiff alleged that the defendant store owner was negligent and caused her to fall; but she was unable to explain what caused her to fall. This court said that there were no facts or circumstances which would justify a finding of actionable negligence, and held that a directed verdict in favor of the defendant was proper.

In Gonzales v. Shoprite Foods, Inc., supra, the plaintiff was injured when she attempted to remove a box from a shelf in defendant's store. One box fell onto a bottle, causing it to fall from the shelf, strike

appellant's foot where it broke and caused the injuries complained of. We there said:

> "* * * An inference is not a supposition or conjecture, but a logical deduction from facts proved, and guesswork is no substitute therefor. * * *"

We held that reasonable minds could not infer negligence on the defendant's part because plaintiff reached for a box and started in motion a force which ultimately injured her, and that a directed verdict in favor of defendant was correct.

We believe that our holdings in Caldwell v. Johnsen, supra, and Gonzales v. Shoprite Foods, Inc., supra, are controlling in the instant case, where appellant claims that appellee's agent-driver negligently operated the door of its bus. Appellant seeks to infer that the door was not fully open because she bumped into it. It is clear, however, that other factors could as easily have caused appellant's injury, and for a jury to infer that the cause was the negligence of appellee's agent-driver would be the result of conjecture and speculation.

In view of our holding it becomes unnecessary to consider the issue of possible contributory negligence on the part of appellant.

The order of dismissal of the district court is affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.