699 P.2d 133

**Rita M. BOWMAN and Kenneth Bowman, Plaintiffs-Appellants,**

**v.**

**The INCORPORATED COUNTY OF LOS ALAMOS, Defendant-Appellee.**

**No. 7899.**

Court of Appeals of New Mexico.

April 16, 1985.

Krista Dianne Steele, Griffith & Cruse, Los Alamos, for plaintiffs-appellants.

Thomas B. Catron, Catron, Catron & Sawtell, P.A., Santa Fe, for defendant-appellee.

## OPINION

ALARID, Judge.

Rita Bowman (plaintiff) appeals from a judgment of the District Court in this personal injury action. She alleged that the County of Los Alamos (defendant) was negligent in its maintenance of the grounds around Fuller Lodge (Lodge) in Los Alamos, and that she was injured as a result of such negligence. Trial was to the court, and the court found that defendant was one-third responsible for plaintiff's damages, and that an unknown person or persons was two-thirds responsible. The court found plaintiff's damages to total $30,-000.00, and awarded judgment against defendant for $10,000.00. On appeal, plaintiff asserts: (1) the finding of third-party negligence was unsupported by the evidence; (2) the trial court abused its discretion in apportioning damages even if there was evidence of third-party negligence; and (3) the damages were inadequate as a matter of law. Because we reverse on the first point, we need not reach the second. We affirm on the issue of damages.

**FACTS**

Plaintiff was injured when she stepped into an open window well outside the Lodge in Los Alamos. The Lodge is maintained and owned by the County of Los Alamos. Plaintiff was attending art classes on the night of January 14, 1982, at the Lodge. After class, at about 7:30 p.m., she left the building to proceed to her car in the parking lot. As she was walking parallel to the building, after leaving the doorway to the Lodge, she fell into a window well. The well was designed to be covered with two metal grates, but one of the grates was dislodged, and laying at the bottom of the well. The hole was five feet in depth and, as a result of the fall, plaintiff suffered a dislocation and multiple fracture of her left ankle, and minor injuries to her chest, elbow, and shoulder.

The area around the doorway to the Lodge (the porch) was illuminated by a light, and street lights near the building were located 100 feet from the edge of the porch. The evidence established that the window well was cast in a deep shadow. The edge of the window well was located approximately three feet from the edge of the porch. Evidence was presented that the exterior lighting was inadequate to allow someone to see the open hole as they walked off the porch.

The former Safety Director for Los Alamos, Myo Pacheco, testified that during his tenure he had heard from sources, which he could not identify, that grates around the Lodge were occasionally removed by people who gained access to the Lodge through the control space below. He had no personal knowledge of any incident involving the removal of the grates, and knew of no official reports of such. The grates were designed to be removable for the cleaning of the well area. At the time of the incident, the grates were not hinged nor bolted on to the well.

The current Safety Officer, Lorenzo Chavez, testified that he had made inspections of the facility in the past, checked the grates around the facility to insure they were secure, and, on one occasion before the accident, noted that one of the grates on one of the window wells was laying at the bottom of the well. He and a building

custodian repositioned it. The custodian told him "occasionally kids try to get inside the building and they will take them off and leave them down there." Chavez further testified that, prior to January 14, 1982, he had made four inspections of the Lodge area in the daytime. His inspection reports contained notations of missing grates on the grounds of the Lodge. The notations reflected later that replacements were found. No mention was made of a missing grate on the inspection conducted January 6, 1984, one week before the accident. There was no testimony as to how the grate was removed, or who, if anyone, removed it. No measure of the sufficiency of exterior building lighting was conducted on these tours, nor did Chavez know of any such tests conducted between 1980 and the date of the accident.

Plaintiff underwent surgery in the hospital for reconstruction of the ankle. Screws and metal plates were used to reconstruct the fracture. She remained in the hospital for ten days after the accident. She recuperated at home, going through various casts, from January to July 7, 1982, when she returned to work with a limp. Testimony established plaintiff has a permanent physical impairment of 10% to the ankle, and 4% to the entire person. Plaintiff's medicals totalled $5,206.31, her special expenses totaled $470.92, and her salary/benefit loss totalled $5,061.00.

## DISCUSSION

Defendant does not contest the finding that it was negligent, and that such negligence was a proximate cause of plaintiff's damages. Defendant seeks only to uphold the finding as to the negligence of an unknown person, or persons, in removing the grate. Plaintiff argues that there was no evidence to support a finding of an unknown person's negligence because, first, there was no showing that the unknown person would have been able to foresee harm to the plaintiff in removing the grate,

and, second, there was no showing that county employees did not, in fact, remove the grate. Defendant responds that it has no obligation to show the existence of other tortfeasors, and that it is plaintiff's burden to show that defendant's conduct was the sole proximate cause of the accident in order to recover full damages.[1]

█ The issue is not, however, which party bears the burden of proving or disproving that a third person removed the grate. The issue is whether there was evidence that the grate was removed by a third person. The window well was on defendant's premises and under its control. Without a grate or without adequate lighting or warning, a dangerous condition existed. By finding defendant negligent, the trial court necessarily based its decision on an unsafe condition for which defendant owed plaintiff a duty of due care. *See Mozert v. Noeding,* 76 N.M. 396, 415 P.2d 364 (1966); NMSA 1978, UJI Civ. 13.8–13.-10 (Repl.Pamp.1980). Thus, plaintiff carried her burden of making a prima facie case. That is all that is required of her.

█ There is no evidence demonstrating that a third person removed the grate. The testimony only included hearsay reports of "kids" removing the grates in the past. No evidence was introduced as to who removed the grate on the particular window well in question. That the grate was apparently in place on the date of the last inspection (January 6) does not provide a basis for a legitimate inference that a third person removed the grate, especially in light of the testimony that the grates were designed to be removable for cleaning by defendant's employees. Defendant's employees had equal, or greater, access to the grates. An inference "is more than a supposition or conjecture. It is a logical deduction from facts which are proven, and guess work is not a substitute therefor."

1. The issue of burden of proof of comparative fault in co-tortfeasor cases was not addressed in *Bartlett v. New Mexico Welding Supply, Inc.,* 98 N.M. 152, 646 P.2d 579 (Ct.App.1982). *Bartlett* permitted the fact finder, however, to apportion the fault of all participants to an occurrence, including those not joined in the lawsuit. We, likewise, do not address the issue here because it is unnecessary to our disposition.

*Lovato v. Plateau, Inc.,* 79 N.M. 428, 430, 444 P.2d 613, 615 (Ct.App.1968). The record only provides conjecture as to the cause of the grate removal. Conjecture is not sufficient to establish the negligence of a third person. *Riseling v. Potash Mines Transportation Co.,* 76 N.M. 544, 417 P.2d 38 (1966). We conclude there was no evidence establishing the negligence of a third person.

█ Because of our resolution of this issue, we need not reach plaintiff's second issue. As to plaintiff's remaining issue on the inadequacy of damages, a damage award will not be disturbed on appeal unless it appears to have resulted from passion, partiality, prejudice, undue influence, corrupt cause or motive, or where there has been palpable error, or where the measure of damages has been mistaken. *Powers v. Campbell,* 79 N.M. 302, 442 P.2d 792 (1968). A review of the record establishes none of these factors in the trial court's award of $30,000.00. The award as to the amount of damages is affirmed.

Defendant's procedural attack on plaintiff's brief on the grounds that the brief does not point out the substance of all evidence bearing on a proposition, under NMSA 1978, Civ.App.R. 9(d) (Repl.Pamp. 1984), is, likewise, without merit.

The judgment is reversed, and the case is remanded to the trial court with instructions to enter judgment against defendant for the full amount of plaintiff's damages, the amount of which we affirm.

Costs are awarded to plaintiff.

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.