884 P.2d 505

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Robert BENTON, Defendant–Appellant.**

No. 15343.

Court of Appeals of New Mexico.

Aug. 18, 1994.

Tom Udall, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Liane E. Kerr, Albuquerque, for defendant-appellant.

## OPINION

PICKARD, Judge.

Defendant appeals his convictions for possession of cocaine. Although he raises numerous issues on appeal, we find one dispositive. We agree with[1] Defendant that the State did not present sufficient evidence to convict. Accordingly, we reverse the convictions and order Defendant discharged. *See State v. Losolla,* 84 N.M. 151, 152, 500 P.2d 436, 437 (Ct.App.1972) (when conviction is reversed for failure of proof, appropriate remedy is discharge).

Defendant was convicted primarily on the basis of urine samples that tested positive for cocaine. We recently held that a positive urine sample alone is insufficient evidence that a defendant knowingly and intentionally possessed the drug appearing in the urine;

rather, there must be corroborative evidence establishing the requisite knowledge and intent to possess the drug. *See State v. McCoy,* 116 N.M. 491, 497, 864 P.2d 307, 313 (Ct.App.1993), *cert. granted on other grounds* 117 N.M. 802, 877 P.2d 1105 (Table) (S.Ct. Nos. 21,305, 21,310, 21,311, 21,313, July 9, 1994).

■ We quote the State's entire argument responding to Defendant's contention of insufficiency of the evidence based on *McCoy:*

The following evidence supports an inference that Defendant knew and intended to possess the controlled substance cocaine on each of the two occasions charged in the information. First, ... he provided two separate samples five days apart, each of which was positive for the presence of cocaine. Evidence of two distinct possessions close in time is substantial corroboration for the inference that cocaine was knowingly possessed on each occasion. Additionally, the chemist testified that testing results indicated cocaine ingestion approximately six to eight hours before the urine sample was collected.... Defendant was taking various medications and appeared to understand the proper manner of their ingestion; thus he had some experience in the ingestion of prescription medication.... Finally, the fact that the third urinalysis was clean provided an additional basis for the inference that Defendant stopped ingesting cocaine after the first two collections. These facts taken together meet the corroborative test set out in *McCoy,* supra. (Transcript citations omitted.)

Contrary to the State's suggestion and in the absence of any other evidence tending to show that multiple positive tests have any particular meaning in terms of intent or knowledge, we do not believe that a fact finder could infer anything more from the two tests in this case than it could from the one test in *McCoy.*

■ The State relies on the rule that we must review the evidence in the light most favorable to support the convictions. While we agree with that rule, it does not have any application in this case. The rule requiring

that we indulge in all reasonable inferences supporting the conviction still does not permit us to speculate, *see Baca v. Bueno Foods,* 108 N.M. 98, 102, 766 P.2d 1332, 1336 (Ct. App.1988) (substantial evidence of a proposition requires reasonable inference and not speculation); *Bowman v. Incorporated County of Los Alamos,* 102 N.M. 660, 662, 699 P.2d 133, 135 (Ct.App.1985) (inference is more than conjecture), and we still have an obligation to determine whether the evidence viewed in the proper manner is legally sufficient to support the conviction, *see State v. Orgain,* 115 N.M. 123, 126, 847 P.2d 1377, 1380 (Ct.App.), *cert. denied,* 115 N.M. 145, 848 P.2d 531 (1993).

The record in this case contains only the two positive urine samples, the chemist's testimony that such results indicate that cocaine was ingested within six to eight hours, and the additional evidence that a third sample was negative. This does not legally prove any more than a single positive urine sample. Thus, we hold that this case is controlled by the discussion as to defendant Coursey in *McCoy.* There, we held that, because of the possibility of involuntary ingestion through coercion, deception, or second-hand smoke, evidence of the positive drug test, even together with evidence that the concentration of cocaine was so high that the drug must have been ingested within six to eight hours of the test and evidence that Coursey had a prior conviction for cocaine, was insufficient as a matter of law to convict. *McCoy,* 116 N.M. at 497, 864 P.2d at 313.

As we said in *State v. Sizemore,* 115 N.M. 753, 758, 858 P.2d 420, 425 (Ct.App.), *cert. denied,* 115 N.M. 709, 858 P.2d 85 (1993), as applicable to this case, "the reviewing court must be able to articulate an analysis the jury might have used to determine guilt, and that analysis must be reasonable. We think it is important to be able to explain how the jury might have reasoned that Defendant had both knowledge and possession" of the cocaine. As in *Sizemore,* we cannot articulate the analysis by which a rational jury could have found these elements on the basis of the bare-bones evidence presented below.

Reversed and remanded with instructions to discharge Defendant.

IT IS SO ORDERED.

BLACK and BOSSON, JJ., concur.