This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 35,551**

**RONNIE TRILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John J. Woykovsky, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant appeals from the revocation of his probation. We previously issued a calendar notice proposing to summarily reverse. The State has filed a memorandum in opposition. After due consideration, we reverse.

{2}     Because we previously set forth the relevant background information in the notice of proposed summary disposition, we will avoid lengthy reiteration here. Very briefly, Defendant has argued that the district court erred in revoking his probation, absent admissible evidence of a willful violation. [DS 7] In our notice of proposed summary disposition we posited that the evidence upon which the district court apparently relied (*i.e.*, hearsay to the effect that Defendant was expelled from the Good Shepherd program as a result of criminal misconduct) [MIO 6] was admitted in violation of Defendant's constitutional right to confrontation. [CN 2-6] In its memorandum in opposition, the State concedes this point. [MIO 7-9]

{3}     As we previously observed, Defendant testified that he did not willfully violate the terms and conditions of his probation; rather, his participation in the Good Shepherd program was terminated for reasons beyond his control. [DS 5] In the notice of proposed summary disposition, we observed that the State did not appear to have offered any admissible evidence to controvert Defendant's mitigating assertion. [CN 6-7] *See generally State v. Martinez,* 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (observing that probation revocation is inappropriate if a failure to comply was

not willful); *In re Gabriel M.*, 2002-NMCA-047, ¶ 24, 132 N.M. 124, 45 P.3d 64 (observing that while the "trial court is not required to believe a defendant's testimony," when reviewing for substantial evidence, "that disbelief cannot substitute for affirmative proof of the [s]tate's case"). In its memorandum in opposition the State contends that evidence of an indirect nature was presented tending to rebut Defendant's assertion that the violation was not willful. [MIO 11] Two theories are advanced.

{4} First, the State argues that insofar as Defendant admitted that he was expelled from the program because he had "confrontations" or "altercations" with others, the district court could reasonably have inferred that Defendant "was an active participant, and at least partially responsible" for his ensuing expulsion from the program. [MIO 11-12] However, the fact that Defendant was involved in one or more disputes with other program participants, without further elucidation, tells us nothing about causation or responsibility. Furthermore, we find no indication that his involvement in one or more confrontations with other program participants, standing alone and in the absence of the allegations of underlying criminal misconduct, would have supplied grounds for expulsion. Given the record's silence on these matters, we are unable to indulge the invited inferences. *See generally State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 ("[A]n inference must be linked to a fact in evidence."); *Bowman v. Inc.*

3

*Cty. of Los Alamos*, 1985-NMCA-040, ¶ 9, 102 N.M. 660, 699 P.2d 133 ("An inference is more than a supposition or conjecture. It is a logical deduction from facts which are proven, and guess work is not a substitute therefor." (internal quotation marks and citation omitted)).

{5}     Second, the State asserts that Defendant's failure to find an alternative program "immediately" after his expulsion from the Good Shepherd program could be regarded as evidence of willfulness. [MIO 12-14] However, the record before us contains no evidence to suggest that admission to an alternative program was possible; and given that Defendant actually obtained admission to an alternative program, [DS 6; MIO 6, 15] the invited inference of willfulness is not rationally supported. *See generally id.*

{6}     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we reverse and remand for further proceedings.

{7}     **IT IS SO ORDERED.**


                    _____
                    **JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**

_____

**J. MILES HANISEE, Judge**