This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40511**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**CHARLENE CHAPMAN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appealed her conviction for aggravated battery on a household member (deadly weapon). We issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Because the relevant background information has previously been set forth, we will avoid undue reiteration here, and focus instead on the substantive content of the memorandum in opposition.

**{3}** Defendant renews her challenge to the denial of her requested instruction on self-defense. [MIO 7-15] However, as we observed in the notice of proposed summary disposition, [CN 2-5] evidence was not presented in support of the prerequisites. *See generally State v. Lopez,* 2000-NMSC-003, ¶ 23, 128 N.M. 410, 993 P.2d 727 ("To support an instruction on self[-]defense, there must be evidence that the defendant was put in fear by an apparent danger of immediate death or great bodily harm, that the killing resulted from that fear, and that the defendant acted as a reasonable person would act under those circumstances." (internal quotation marks and citation omitted)).

**{4}** The memorandum in opposition offers nothing concrete in satisfaction of the essential elements. Instead, Defendant suggests that inferences could have been drawn. [MIO 12-15] Succinctly stated, we remain unpersuaded that this is so. *See generally Corley v. Corley*, 1979-NMSC-040, ¶ 6, 92 N.M. 716, 594 P.2d 1172 ("A reasonable inference . . . must be a rational and logical deduction from facts admitted or established by the evidence, when such facts are viewed in the light of common knowledge or common experience." (internal quotation marks and citation omitted); *Sunnyland Farms, Inc. v. Cent. NM Elec. Coop., Inc.*, 2013-NMSC-017, ¶ 19, 301 P.3d 387 (indicating parenthetically that considering the evidence in the light most favorable to a party does not require or authorize the reviewing court to supply missing evidence, or to give the benefit of forced, speculative or unreasonable inferences); *State v. Benton*, 1994-NMCA-113, ¶ 4, 118 N.M. 614, 884 P.2d 505 (explaining that a rule requiring that we indulge all reasonable inferences still does not permit speculation). For the reasons previously described, [CN 2-5] we conclude that no reasonable juror could have found that Defendant's act of repeatedly stabbing the unarmed victim in the back with a knife was justified as self-defense. We therefore reject the assertion of error. *See generally Lopez*, 2000-NMSC-003, ¶ 23 (explaining that a self-defense instruction is warranted only when the evidence could be said to establish all three elements of the defense); *State v. Baroz*, 2017-NMSC-030, ¶ 19, 404 P.3d 769 ("Where the evidence is so slight as to be incapable of raising a reasonable doubt in the jury's mind on whether a defendant did act in self-defense, the instruction should not be given." (omission, internal quotation marks, and citation omitted)).

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**