This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40540**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ROBERT BULLARD, Jr.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Court Judge**

Raul Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Public Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief and answer brief, we affirm for the following reasons.

**{2}**    Defendant appeals the district court's denial of his motion for mistrial. [BIC 9] "A denial of a motion for mistrial is reviewed under an abuse of discretion standard." *State v. Swick*, 2012-NMSC-018, ¶ 68, 279 P.3d 747 (internal quotation marks and citation omitted); *id.* ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." (internal quotation marks and citation omitted)).

**{3}**    The briefs indicate the following events occurred during trial. While prosecuting Defendant for one count of sexual exploitation of children (possession), contrary to NMSA 1978, Section 30-6A-3(A) (2016), the State called, as a witness, the person who was the minor in the photographs that gave rise to the charge (Victim). [BIC 6] Victim appeared before the jury, and was sworn in, wearing prison garb and shackles. [BIC 7] At a sidebar, defense counsel moved for a mistrial, and the district court elected to dismiss the jury for the evening. [BIC 7] The next day, before the district court ruled on the motion for mistrial, the State rested its case-in-chief without questioning Victim in front of the jury. [BIC 8; AB 4] Defendant was ultimately convicted, and this appeal followed.

**{4}**    Generally, "a prisoner coming into court for trial is entitled to make his appearance free of shackles or bonds." *State v. Casillas*, 2009-NMCA-034, ¶ 20, 145 N.M. 783, 205 P.3d 830 (internal quotation marks and citations omitted). *But see State v. Holly*, 2009-NMSC-004, ¶ 41, 145 N.M. 513, 201 P.3d 844 (holding that an "inadvertent or insignificant exposure to a defendant in shackles is not sufficiently prejudicial to merit a new trial"). Defendant seeks to extend the application of that concept to witnesses, arguing that "simply showing the jury a witness in shackles and jail garb was enough" to prejudice the jury against Defendant. [BIC 11] However, "[a]n assertion of prejudice is not a showing of prejudice[,]" *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318, and absent prejudice, there is no reversible error. *State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104; *see State v. Gomez*, 1971-NMCA-009, ¶¶ 5-6, 82 N.M. 333, 481 P.2d 412 (considering whether the defendant suffered prejudice to determine whether denial of the defendant's motion to strike jury panel after jurors saw the defendant wearing handcuffs was an abuse of discretion). Prejudice is speculative "unless there is an appreciable risk that the jury convicted the defendant for illegitimate reasons." *State v. Padilla*, 1998-NMCA-088, ¶ 14, 125 N.M. 665, 964 P.2d 829.

**{5}**    Defendant has failed to show that he suffered prejudice under the facts of this case. The jury in this case never heard Victim testify. There is no indication that the jury knew who she was, what her involvement in the case was, or what her testimony would be. Defendant's argument that he was prejudiced because of "guilt by association" is therefore unpersuasive, as the jury had no testimony upon which to associate her with either party. Moreover, to the extent that the jury had reason to associate her with a party, surely it would have associated her more closely with the State; because she was called to testify as part of the State's case-in-chief, the jury might have reasonably inferred that she would testify in support of the State's theory of the case. If Victim's credibility was undermined when she appeared in shackles and jail garb, then, it is

unlikely that Defendant would be the party prejudiced by her lack of credibility. Furthermore, when the State rested without proffering any substantive testimony from Victim, Defendant received the benefit of the very remedial measure that defense counsel suggested "would cure the prejudice most effectively short of mistrial." [BIC 8] *Cf. State v. Peterson*, 1985-NMCA-109, ¶ 8, 103 N.M. 638, 711 P.2d 915 (stating that a defendant "ought not be heard to complain because the very relief he requested was granted"). Defendant's assertions of prejudice are largely speculative and lack support in the record.

**{6}** Nonetheless, Defendant argues that "a jury might believe that a defendant is guilty by association with the incarcerated witness" [BIC 10] and that the jurors' perception of the district court's actions in calling a sidebar and sending the jurors home, paired with her absence the next day, "would have simply made [Victim]'s appearance uncannier, more memorable, and more prejudicial." [BIC 11] This argument is unpersuasive in light of the other evidence supporting his conviction. *See State v. Phillips*, 2000-NMCA-028, ¶ 29, 128 N.M. 777, 999 P.2d 421 ("[T]he danger of guilt by association is mitigated when there is additional evidence to support a conviction."); *see* UJI 14-631 (identifying elements of sexual exploitation of children, including that the defendant intentionally possessed a visual or print medium). [RP 146] Such evidence includes the photographs that were published to the jury, the testimony of Defendant's ex-wife describing where among Defendant's possessions she had found the photographs, and relating Defendant's admission that he had possessed the "nudie" photos. [BIC 3-4]

**{7}** Defendant also argues that the jurors "could infer . . . that [Victim] was likely the person who had been depicted in the photographs" from Victim's "apparent age, relative to the other witnesses" and "the timeline in [Defendant's ex-wife]'s testimony." [BIC 10-11] Rather than identifying any testimony regarding witnesses' ages at the time of trial or pointing out trial testimony identifying witnesses' ages at the time of trial, Defendant's argument suggests that a proper inference might be made based on the jury's observation of visible indicia of age alone. [BIC 10-11] Additionally, Defendant does not specify what aspects of his ex-wife's testimony established a timeline that was particularly incriminating for Defendant. There is nothing to indicate that, based on the evidence introduced up to that point, the jury would have known or even suspected that Victim was the minor in the photograph. As a result, Defendant has failed to demonstrate that the jury could reasonably infer Victim was the minor in the photographs, based on facts admitted or established by the evidence. *See State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 ("A reasonable inference is a conclusion arrived at by a process of reasoning which is a rational and logical deduction from facts admitted or established by the evidence." (alterations, internal quotation marks, and citation omitted)).

**{8}** Defendant's prejudice argument—that the jury would infer Victim's identity, "blame [Defendant] for apparently ruining [Victim]'s life," and be prejudiced against him—is therefore premised on speculation and conjecture; none of the inferences regarding Victim's identity that Defendant articulates can be made without conjecture.

[BIC 10-11] *See Slade*, 2014-NMCA-088, ¶ 14 (noting that a conclusion based on a logical inference that "must be buttressed by surmise and conjecture" cannot stand); *see also Bowman v. Inc. Cnty. of Los Alamos*, 1985-NMCA-040, ¶ 9, 102 N.M. 660, 699 P.2d 133 ("An inference is more than a supposition or conjecture. It is a logical deduction from facts which are proven, and guess work is not a substitute therefor." (internal quotation marks and citation omitted)); *Hisey v. Cashway Supermarkets, Inc.*, 1967-NMSC-081, ¶ 7, 77 N.M. 638, 426 P.2d 784 (stating that an inference must be "based on facts established by the evidence, not upon conjecture or other inferences"). Defendant also directs our attention to various out-of-jurisdiction authorities involving witnesses in prison attire. Those authorities are not controlling; they are distinguishable, and we do not find them persuasive.

**{9}** We therefore conclude that Defendant has neither shown he was prejudiced by Victim appearing before the jury in shackles and prison garb, nor demonstrated that the district court abused its discretion by failing to grant Defendant's motion for mistrial. Under these circumstances, there is no basis for error. *See State v. Mills*, 1980-NMCA-005, ¶¶ 18-19, 94 N.M. 17, 606 P.2d 1111 (affirming denial of motion for mistrial where the defendant had not been prejudiced despite being inadvertently seen in handcuffs by jurors); *cf. State v. Flanagan*, 1990-NMCA-113, ¶ 8, 111 N.M. 93, 801 P.2d 675 (holding that a mistrial was properly denied where the possibility of prejudice was highly speculative). We affirm.

**{10}   IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**